## Borough of Carlisle *versus* Marshall.

The moneys at interest of non-resident *cestuis que trust*, invested elsewhere, are not taxable by the Borough of Carlisle, under the Act of 7th April 1852, by reason of the trustee being an inhabitant of the borough.

That act only brings within the taxing power of the borough, moneys at interest, *owned* by the inhabitants thereof.

Such funds, however, are liable to taxation for state and county purposes, under the Act of 22d April 1846.

ERROR to the Common Pleas of *Cumberland county*.

This was an action of debt by The Borough of Carlisle against James W. Marshall, trustee for the widow and minor children of Rev. Robert Emory, deceased, to recover a borough tax of $56.42, for the year 1858, on the moneys of the estate in his hands invested at interest. The parties agreed upon the following case stated, in the nature of a special verdict:—

The Rev. Robert Emory died, and his will was proven before the register of Cumberland county, Pennsylvania, on the 22d May 1848. In it, he appointed William D. Seymour a trustee to hold and invest certain property for the use and benefit of his widow and minor children.

William D. Seymour died, and on the 7th November 1859, on the petition of the widow, the Orphans' Court of Cumberland county appointed as trustee in his stead James W. Marshall, the defendant, who resides in the borough of Carlisle.

The property sold by him in trust for the widow and children, is as follows:—

41 shares of stock in Kensington Bank, in Philadelphia, par value, . . . . . . $2050.00
Philadelphia city stock, . . . . . 800.00
32 shares Insurance Co. of North America, in Philadelphia, . . . . . . . 320.00
Judgment bonds in state of Pennsylvania, . . 4616.98
Notes, &c., out of the state of Pennsylvania, . 5547.72

$13,334.70

[Borough of Carlisle *v.* Marshall.]

This fund has been taxed in the borough of Carlisle for borough purposes. The amount of the tax levied thereon is $56.42 for the year 1858, and the rate of assessment is 5 mills in the dollar.

The widow and children of Dr. Emory resided in New York city when Mr. Marshall was appointed trustee, and have resided there ever since. The question for the court is : Is this fund, or any portion of it, taxable for borough purposes in the said borough of Carlisle ? If yea, then judgment for the plaintiff for the whole amount of the tax levied, or so much thereof as any part of the fund is liable to, at the rate above stated; otherwise, judgment for the defendant.

The court below (GRAHAM, P. J.) gave judgment for the defendant on the case stated, and delivered the following opinion :—

"It appears, from the facts submitted for our opinion, that the will of Rev. Robert Emory, deceased, was proved in Cumberland county the 22d May 1848. That he appointed William D. Seymour trustee, to hold and invest certain property for the use and benefit of his widow and minor children. After the death of W. D. Seymour, the Orphans' Court of Cumberland county, on petition of testator's widow, appointed James W. Marshall the trustee, on the 7th November 1854, who resides in the borough of Carlisle. The widow and children of the testator resided in New York when Marshall was appointed, and have resided there ever since. The borough of Carlisle has assessed a tax of $56.42 on investments in Philadelphia bank and insurance stocks, and judgment bonds in Pennsylvania, held by the said trustee for the use of the widow and minor children of the testator. The tax assessed is for the year 1858, and the question presented is, whether the funds under the management and control of the trustee in Pennsylvania, and for the use and benefit of residents of New York, are taxable in Carlisle, where the trustee resides, for borough purposes.

"The Act of 25th April 1850, *Pamph. Laws* 572–3, exempts moneys owing by solvent debtors from taxation for borough and township purposes. It is decided in Goepp *v.* Borough of Bethlehem, 4 *Casey* 254, that the Act of 3d April 1851, called the General Borough Law, does not repeal the Act of 25th April 1850, although the Act of 1851 authorizes boroughs to levy and collect annually for borough purposes, any tax not exceeding half a cent on the dollar, on the valuation assessed for county purposes, on all property, offices, &c., made taxable by the laws of the Commonwealth for county rates and levies. The general term property is here used, which might, in its general signification, include 'debts due from solvent debtors.' But in the opinion cited it is said, that 'the General Assembly, by the most explicit words, has declared that debts due from solvent debtors, shall not be taxed for borough purposes;

[Borough of Carlisle *v.* Marshall.]

if certain boroughs claim to exercise the power, let them show a clear and indisputable right for its exercise. It is not enough to produce an Act of Assembly which may or may not give the power, depending altogether upon the sense in which certain words are used, unless the sense is clearly in favour of the power claimed.' The General Borough Act of 1851, therefore, gives no power to tax moneys at interest. It does not alter or repeal the Act of 1850, which exempts money or debts due from solvent debtors from taxation, and if the power exists it must be clearly shown.

" The first section of the Act of 7th April 1852, *Pamph. Laws* 278, is cited by plaintiff's counsel, as conferring this power upon the borough of Carlisle. This act provides ' that all personal property, moneys at interest, bonds and mortgages of the taxable inhabitants of the borough of Carlisle, county of Cumberland, now taxable for state, county, and school purposes, shall hereafter be taxable for borough purposes.'

" The whole question then depends upon whether this is personal property, moneys at interest, of *a taxable inhabitant of the borough of Carlisle;* is it the property, the money, of Mr. Marshall, or of the widow and children of testator? If it is the property of Mr. Marshall, the trustee appointed by the court to invest and take care of it, under testator's will, for the widow and minor children, then it is taxable, for he is a *taxable inhabitant* of the borough of Carlisle. But if it is the property of the widow and children of Dr. Emory, then it is not taxable, for they are inhabitants of New York. It is not necessary to enter into an argument to show that it is the property of the widow and children, and not of the trustee, in the legal and popular sense of the term. The trustee is the mere creature of the will, appointed by the court to invest and take care of testator's bounty, for the use and benefit of the widow and children. He has the control and management of it, but it is not his. He is not the owner, and has no beneficial interest in it, and is subject to be removed, or may resign his trust, and thus terminate his connexion with the property at any time. If a tax is imposed, it is a tax upon the beneficiaries, and not upon the trustee, as decided in Spangler *v.* York County, 1 *Harris* 327. In that case Justice BELL remarks, that ' all our tax laws, without exception, so far as I am informed, recognise the personal amenability of the immediate beneficiary.' It will be the widow and children, and not the trustee, under the case cited, upon whom the tax must fall. It must be paid by the trustee out of the annual interest of the fund invested for their use and benefit. The interest is theirs, not his; and if it is considered his property, so far as to subject it to taxation, it presents the singular case of a tax upon the property of one person, payable out of the property of another. The case presented

[Borough of Carlisle *v.* Marshall.]

is clear of doubt and uncertainty. But was it doubtful, the doubt would prevent the exercise of the right of taxation; for when the power is claimed, 'a clear and indisputable right for its exercise must be shown.'

" Again, the power of taxation is claimed by the borough in this case under a special act, conferring that power on the borough of Carlisle alone, a species of class legislation not favoured by our courts, and of which it is remarked by the Supreme Court, in Goepp *v.* Borough of Bethlehem, 'special or class legislation is so manifestly wrong, that its existence should not be presumed unless the legislative intent is free from doubt or difficulty; and especially is this so when the special legislation is plainly contrary to the general law of the land.'

" To sanction the power of taxation assumed by the plaintiff in this case, would be giving a latitudinous construction to the very definite and plain language of the Act of Assembly, which the legislature could not have foreseen or anticipated, and place in the hands of the borough a power which it has been seriously questioned whether they can confer upon state and county officers, to wit, taxing the personal property of citizens of other states. It would be attended with the monstrous consequences of subjecting to taxation the personal property and money of every minor, not only of Cumberland county, but resident within the state of Pennsylvania, or any of the United States, whose guardian or trustee, invested with the management and control of the fund, happened to reside within the corporate boundaries of the borough of Carlisle. And this, too, in direct conflict with the language of the Act of Assembly, which directs the personal property, moneys at interest, bonds and mortgages of the *taxable inhabitants* of the borough of Carlisle shall hereafter be taxable for borough purposes. We direct judgment to be entered for the defendant."

*Watts & Parker*, for the plaintiff in error.—It is not questioned, but that the fund in the hands of Mr. Marshall, the trustee, is subject to state and county taxes in Pennsylvania, under the Act of 22d April 1846, *Brightly's Purd.* 789, which receives judicial construction in the case of Spangler *v.* York County, 1 *Harris* 322. And it is equally clear, that it was the *intention* of the legislature, by the first section of the Act of 7th April 1852, *Brightly's Purd.* 279, to subject the same property to taxation for borough purposes.

Who are the "taxable inhabitants" who are "now taxable for state, county, and school purposes?" Mr. Marshall was an inhabitant; he was the legal holder and recipient of the profits of the fund; the fund itself was the subject of taxation for all the purposes mentioned in the Act of 1846, and those were the same funds that were made taxable by the Act of 1852, for borough

[Borough of Carlisle *v.* Marshall.]

purposes. It was the design of the Act of 1852 to designate the *fund* that was taxable, and not the holder of it. As was said by Chief Justice GIBSON, in Short's Estate, 4 *Harris* 66, "they are naturally referable to the subject of which the legislature was speaking, *which was the thing to be taxed,* and not to the person of the owner of it, which was beyond the legislative power." It cannot be imagined, that the legislature would have so particularly described the subject-matter of the tax, and yet meant the holder of it all the time.

W. *H. Miller,* for the defendant in error, cited 4 *S. & R.* 355; School Directors *v.* James, 2 *W. & S.* 568, 571.

The opinion of the court was delivered by

WOODWARD, J.—We do cordially agree with the counsel of the plaintiff in error, that the funds in the hands of Mr. Marshall, as trustee, are subject to state and county taxes, under the Act of 22d April 1846, *Purd.* 789, pl. 106, as that act was construed in the case of Spangler *v.* York County, 1 *Harris* 322.

But does it follow that they are taxable for the purposes of the borough of Carlisle? This depends on the construction of the Act of 7th April 1852, *Pamph. L.* 278, which provides that "all personal property, *moneys at interest,* bonds and mortgages *of the taxable inhabitants of the borough of Carlisle,* county of Cumberland, now taxable for state, county, and school purposes, shall hereafter be taxable for borough purposes." The preposition "of," in this section, expresses the relation of ownership or property, and the whole section means that the inhabitants of Carlisle shall pay taxes to the borough on the same descriptions of property owned by them as are taxed for state, county, and school purposes.

To make moneys at interest taxable for borough purposes, it was necessary that legislation should be thus express, for the Act of 25th April 1850, *Pamph. L.* 572, having exempted moneys owing by solvent debtors from taxation for borough and township purposes, we had held in Goepp *v.* Bethlehem, 4 *Casey* 254, that we would not imply an intention to tax moneys for borough purposes from the use of the word "property" in tax laws, subsequent to 1850.

The Act of 1852 was doubtless intended to bring moneys at interest within the taxing power of the borough of Carlisle, but they were the moneys *of*—that is, belonging to and owned by—the inhabitants of the borough that were thus subjected to taxation. Mr. Marshall is an inhabitant of the borough, but he is not the owner of the funds taxed in this instance. They are the moneys of the widow and children of the late Dr. Emory, and are no doubt taxed in New York, where the family reside. Mr. Marshall

[Borough of Carlisle *v.* Marshall.]

is a mere trustee, having no interest in the fund whatever. The reason why he is taxable for the fund for state and county purposes, is, that the Act of 1846 expressly subjects trust funds to taxation, in the hands of trustees, without regard to the ownership, but under the Act of 1852, the inhabitancy of the owner is made the test of taxableness for borough purposes.

It would be a cruel and absurd law that should subject the trust-moneys of non-resident orphans to borough taxation, merely because their trustee resided in the borough. For state purposes it is right enough to tax them, because the safety and value of the funds depend on the existence of the government which such taxes go to support, and possibly something of the same reason may apply in behalf of county taxation, but what protection or value does the borough of Carlisle give to funds invested in Philadelphia? The inhabitants have an interest in the municipal government, and are lawfully taxed to support it, but these taxes should be paid out of their own property, not out of property existing in Philadelphia, and owned by inhabitants of New York.

Such a law, if it had been made, would have been opposed to common sense and common honesty, but as it has not been made, we are not to strain and torture the enactments which the borough has been able to obtain from the legislature, in order that property neither found in Carlisle nor owned there, shall be laid under contribution for the support of the borough.

The judgment is affirmed.