1890.] People ex rel. Darrow et al. v. Coleman et al. 137

Statement of case.

the General Term, in the case, in sustaining the order denying her motion, relied solely on the cases of *Ferguson* v. *Smith, Leavitt* v. *Cruger* and *Eckerson* v. *Vollmer* (11 How. Pr. 42).

This action was destitute of merits and lacked support in legal principles and the complaint should have been dismissed.

The order of the General Term denying defendants' motion for a new trial should be reversed, the defendants' exceptions sustained and a new trial ordered, with costs to abide the event.

All concur.

Order reversed, and judgment accordingly.

---

| 119 | 137 |
| 135 | 656 |

| 119 | 137 |
| 168 | ²363 |
| 168 | ²365 |

The People ex rel. William Darrow et al. as Trustees, etc., Appellants, *v.* Michael Coleman et al. Commissioners, etc., Respondents.

The provision of the act of 1883 (Chap. 392, Laws of 1883), declaring that "All debts and obligations for the payment of money due or owing to persons residing within this state * * * wherever said securities shall be held shall be deemed, for the purpose of taxation, personal property within this state, and shall be assessed as such to the owner or owners," refers to debts or obligations which are solely due or owing to residents of this state; it does not include as owners persons who are trustees only, and while under the old law if a trustee residing here has possession of such securities he may be assessed for them as a trustee in possession, even if there be other trustees non-residents, the resident trustee may not be assessed for securities not held by him and not within this state, but which are in the possession of one of the non-resident trustees.

Accordingly, *held,* where two of three co-trustees resided in this state, and the other resided in another state, the beneficiaries also being non-residents, that an assessment of securites in the hands of the non-resident trustee was void.   *53 Hun,*
*People ex rel.* v. *Coleman* (~~119 N. Y.~~ 482), reversed.

(Argued January 13, 1890; decided January 21, 1890.)

Cross Appeals from order of the General Term of the Supreme Court in the first judicial department, made July 9, 1889, which reversed an order of Special Term adjudging

an assessment upon certain personal property to be void, and reduced the same, and ratified and confirmed the proceedings of the commissioners of taxes and assessment.

The relators brought a *certiorari* under chapter 269 of the Laws of 1880, to review an assessment upon personal estate.

The property assessed consisted of bonds and mortgages and other securities belonging to a trust fund, all of which at the time of the assessment were in the hands of David Belveson who resided in New Jersey, and who was co-trustee with the relators. The beneficiaries of the trust were also non-residents.

*S. B. Brownell* for appellants. Prior to chapter 392 of Laws of 1883, no tax could have been assessed upon any of the trustees in respect to the mortgages upon property in Illinois and Iowa. (2 R. S. 981, chap. 13, §§ 1, 2 ; id. 988, chap. 13, §§ 5, 8, 9, 10 ; *People ex rel.* v. *Comrs.,* 23 N. Y. 223 ; Laws of 1851, chap. 37, p. 44, 332 ; *People ex rel.* v. *Smith,* 88 N. Y. 571 ; *People* v. *Gardner,* 51 Barb. 352 ; *People ex rel.* v. *Comrs.,* 4 Hun, 595 ; 62 N. Y. 630 ; *Graham* v. *F. N. Bk.,* 84 id. 393 ; *Lord* v. *Arnold,* 18 Barb. 104 ; *Boardman* v. *Super.,* 85 N. Y. 359.) Personal property out of the state belonging to residents is not subject to taxation. (Laws of 1883, chap. 392, p. 568 ; *People ex rel.* v. *Smith,* 88 N. Y. 571 ; *Strauss* v. *Coleman,* 44 Hun, 20 ; *People ex rel.* v. *Comrs.,* 17 id. 293 ; *People ex rel.* v. *Coleman,* 42 id. 581 ; *People* v. *Comrs.,* 23 N. Y. 224, 232.) The terms executors, trustees and agents are not included under the words " owners or owner." (*People ex rel.* v. *Coleman,* 44 Hun, 20 ; Perry on Trustees, §§ 411, 412. The assessment is illegal and void because the commissioners had no power to change an assessment first made on the rolls against three trustees into an assessment against two trustees. (*Perry* v. *Assessors,* 106 N. Y. 671.)

*D. J. Dean* for defendants. The assessment against the two resident co-trustees was correct in form. (*People ex rel.* v.

*Coleman*, 42 Hun, 581, 583–586.)   The trust property was not exempt from taxation for any of the reasons set forth in the petition.   (Laws of 1883, chap. 392; *People ex rel.* v. *Smith*, 88 N. Y. 576; *Kirtland* v. *Hotchkiss*, 100 U. S. 491; R. S., chap. 13, §§ 1, 3, 5, 9, 10; *Tracy* v. *Reed*, 38 Fed. Rep. 69; *Baldwin* v. *Shine*, 84 Ky. 502, 512; *People* v. *Assessors*, 40 N. Y. 160; *Kirtland* v. *Hotchkiss*, 100 U. S. 491, 498; Cooley on Tax. [2d. ed.] 516; Perry on Trusts, 307–308, §§ 331, 411.)   The commissioners did not err in refusing to deduct the value of one-third of the trust estate on account of the non-residence of one of the co-trustees. (*Neustadt Case*, 42 Hun, 581.)

PECKHAM, J.   It is substantially conceded, and it is in any event very plain that, prior to the act chapter 392 of the Laws of 1883, the assessment in question could not be sustained.   (*People ex rel. Jefferson* v. *Smith*, 88 N. Y. 576.) That act provides that "all debts and obligations for the payment of money due or owing to persons residing within this state, however secured, or wherever such securities shall be held, shall be deemed, for the purposes of taxation, personal estate within the state, and shall be assessed as such to the owner or owners thereof in the town, village or ward in which such owner or owners shall reside at the time such assessment shall be made   *   *   *   "   This statute was passed the year subsequent to the decision of the case of *People ex rel. Jefferson* v. *Smith* (*supra*), and the inference is not a labored one, which concludes that the law was enacted to meet that decision. In that case the relator, a resident of the village of Warsaw in this state, was the absolute owner of the securities which the assessors had attempted to reach for the purpose of taxation, but such securities were in the possession of agents residing without the state, and by the laws of the states where the agents resided the securities were liable to be taxed in those states.   It was held by this court that the relator was not liable to be assessed for such securities.   The idea that personal property follows the *situs* or residence of the owner, while in some,

cases a perfectly proper legal fiction to be indulged in for purposes of justice, was held not to apply in such a case for the purpose of imposing a tax upon a security not within the state and not protected by our laws.

The case here presented is one where the persons assessed are not the absolute owners of the property, but are trustees and have only a representative or official interest therein, and but two out of the three are residents within the state, while a third resides in another state and also has the custody and control of the property, and the beneficiaries are also non-residents. Does the act of 1883 meet such a case? We think not. It is not a debt due and owing to persons residing within this state, for it is one which is due or owing to them in connection with another who is a joint owner, and who is not a resident within this state and such other has possession of the securities. The statute means that the debt must be one which is solely due or owing to residents of this state. If the trustee residing here has possession of the securities, he can be assessed for them under the old law as a trustee in possession, even though there be other trustees non-residents. Nor do we think that the statute meant to include as owners, persons who were trustees only, and thus assess them for the property not held by them and not within this state.

Generally a man is not spoken of as the owner of property, who merely holds it as a trustee and in a representative capacity. He has the legal title, and he is to be assessed for it when it is within the state, but this is by express provision of statute, and such provision is not mentioned in the case of a trustee whose trust property is outside of the state and not in his possession.

The contention of the counsel for the tax commissioners would render property liable to double, or even treble, or still greater taxation, if the laws of other states were like ours and there were three or more trustees living in as many different states. The statute as it is may lead to injustice in the double taxation of personal property, once to its absolute owner in this state, and again in the hands of his agents in

the shape of securities in their custody and control in other
states. It is not for courts to widen the possible injustice
which may be perpetrated under a statute, by giving it a con-
struction not only not called for by its language, but forced and
unnatural under the circumstances. It is unnecessary to go over
the argument arising from an examination of the whole law
of assessment, for the purpose of showing that the construction
adopted by us is the correct one. We think that it plainly
appears that the construction adopted by the learned General
Term may lead to such a perversion of justice that no court
ought to adopt it, unless constrained by the plainest language
of the statute. We are of the opinion that such is not the
language of this one.

This case is a good illustration of the inequitable consequences
arising from the construction of the court below. The real,
acting trustee lives in New Jersey. He has possession and
control of the securities, which are bonds and mortgages upon
lands in other states, and the beneficiaries are all non-residents
of this state. And yet, by the action of the tax commissioners,
because two of the trustees are residents of this state, although
they have neither possession nor control of the property and
none of it is in this state, the trust estate must pay tribute to
us. We think not.

The order of the General Term should be reversed, and
that of the Special Term, setting aside and vacating the assess-
ment, should be affirmed, with costs.

All concur, except EARL, J. absent.

Ordered accordingly.