PEOPLE *ex rel.* DAY, Respondent, *v.* BARKER *et al.*, Appellants, (five cases.)

*(Supreme Court, General Term, First Department.* February 18, 1892.)

Appeals from special term, New York county.

*Certiorari* on the relation of Henry Day, as trustee of Edwin D. Morgan, as trustee of Caroline E. Bates, as trustee of H. H. Henry, as trustee of C. M. Henry, and as trustee of A. K. Waterman, five cases, against Edward P. Barker, Thomas L. Feitner, and Edward L. Parris, as commissioners of taxes and assessments of the city of New York, to review their proceedings in assessing certain personal property for the purposes of taxation. Defendants appeal from an order vacating some and reducing others of the assessments.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*William H. Clark, (George S. Coleman,* of counsel,) for appellants. *Daniel Lord, Jr.,* for respondent.

PER CURIAM. With the exception of a slight difference which was stated by counsel on the argument of these appeals, and to which it is not now necessary to advert, it is conceded that these cases are similar in principle to, and are to be governed by, that of *People ex rel. Darrow* v. *Coleman,* 119 N. Y. 137, 23 N. E. Rep. 488, and that, unless a distinction of a radical character is to be found between the cases, the decision of the judge below in making the orders appealed from was correct. On an examination of all the facts disclosed in the record before us, we can find nothing which should change the application of the principle laid down in the *Darrow Case,* with the single possible exception of the fact that some of the securities are liens upon property located in the city of New York. There do not seem to be any other circumstances in the cases now at bar that make them differ from that authority which we conceive to be controlling, and that circumstance we do not regard as sufficient to change the clear rule of law asserted in the *Darrow Case,* as we understand that decision. All of the orders appealed from must therefore be affirmed, with $10 costs and disbursements in one case.