PEOPLE *ex rel.* HENRY DAY, as Trustee, etc., Respondent, *v.* EDWARD P. BARKER *et al.*, as Commissioners of Taxes, etc., Appellants.

*Court of Appeals, October 25, 1892.*

1. *Taxes. Personal property out of state.*—Where securities belonging to a trust fund are in the possession of three trustees jointly in another state, two of whom are residents of that state and the other of this state, such securities are not taxable in this state under chap. 392 of 1883.
2. *Same.*—The question is not affected by the fact that such securities are bonds secured by mortgages upon lands in this state.

Appeal from order of the supreme court, general term, first department, affirming order vacating or reducing assessments of personal property.

*George S. Coleman*, for appellants.

*Daniel Lord, Jr.*, for respondent.

PER CURIAM.—We are unable to perceive any material distinction between this case and that of People *ex rel.* Darrow *v.* Coleman, 119 N. Y. 137. Here, as there, the securities constituting the trust fund were with a safe deposit company in New Jersey. The beneficiaries were non-residents. The relator and one of his co-trustees are residents of New Jersey; the other trustee residing in Westchester county, in this state. The counsel for the appellants contends that while, in the other case, the non-resident trustee had the possession of the securities in the city where he resided, in the present case neither the relator nor the other non-resident trustee had the custody, or physical control of the securities, and they did not reside in the particular city where the securities were deposited. The fact is that access to these trust securities was permitted to any two of the trustees, or to one of them when in company with their secretary. But the difference is unimportant. The possession of the securities was in the three trustees jointly and not in the relator alone. Nor can the description of the securities affect the question, for although some may have been in bonds secured by mortgages upon New York real estate, they were debts which were due to the three trustees jointly. Assuming the relator may have been residing in New York city on the second Monday of January, 1891, the securities were not within this state at the time; and the act of 1883, chapter 392, would not apply, because they were debts or obligations which were not due solely to the relator, if he could be deemed an " owner " within the terminology of the act, but to him jointly with others. Our decision in the Darrow case must be regarded as controlling the disposition of the present case.

The order should be affirmed, with costs.

All concur, except MAYNARD, J., not voting.