The People of the State of New York ex rel. Louis L. Lorillard, Respondent, v. Edward P. Barker and Others, as Commissioners of Taxes, etc., Appellants.

*Personal taxes — residence*

A person who resides in another State, where he is taxed upon his personal estate, is not to be deemed a resident within the State of New York so as to be subject to taxation upon personal property in the city of New York, merely because he spends a few months of the winter in that city.

Appeal by Edward P. Barker and others, composing the board of tax commissioners of the city of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 20th day of January, 1893, setting aside an assessment for the purposes of the personal taxation of the relator for the year 1891.

The proceeding is by certiorari, to review the action of the board of tax commissioners in imposing a personal tax upon the relator for the year 1891.

*G. S. Coleman*, for the appellants.

*J. M. Bowers*, for the respondent.

Per Curiam:

The order appealed from should be affirmed, with ten dollars costs and disbursements, upon the opinion of the court below.

Present — Van Brunt, P. J., Follett and Parker, JJ.

Order affirmed, with ten dollars costs and disbursements, upon the opinion of the court below.

The opinion of the court below is as follows:

Ingraham, J.:

To justify the respondents in imposing a tax, it must appear that on the Tuesday after the first Monday of January, in the year 1891, the relator was a resident of this State. If he was not such a resident at that time, the action of the respondents in taxing his personal property was unauthorized

The mere fact that the relator was in the city of New York at the

time mentioned would not justify the respondents in their action, unless he was then a resident of the State.

It is the policy of the law to tax personal property at the place of the owner's residence, and by chapter 392 of the Laws of 1883, it is provided that all debts and obligations for the payment of money due or owing to persons residing in this State, however secured or wherever secured, shall be deemed for the purposes of taxation personal estate within this State.

This provision, however, applies only to persons residing in this State, and by the Revised Statutes in relation to the taxation upon property it is provided that "every person shall be assessed in the town or ward where he resides when the assessment is made for all personal estate owned by him." (1 R. S. 389, § 5.)

The only provision for the taxation of personal property in this State owned by non-residents is that taxing property employed in business within this State, and the relator has no money invested in business in this State.

The simple question is whether this relator is a resident within this State within the meaning of the provisions of the statute before referred to.

The testimony taken in this proceeding I think clearly shows that the relator was not a resident of this State at the time this taxation was imposed. The relator is taxed upon his personal estate in Rhode Island and has been so taxed for six years. He votes in the city of Newport, State of Rhode Island, and he spends a part of the winter in New York, but that cannot be said to be his residence.

To hold this relator liable for taxation in New York would be to tax his personal estate both in New York and Rhode Island, which would be double taxation, and is opposed to the principle established in the case of *The People ex rel. Darrow* v. *Coleman* (119 N. Y. 137).

I do not think the case of *The People ex rel. Day* v. *The Tax Commissioners* (42 N. Y. St. Repr. 449), applies, for the question there determined was not whether Mr. Day was a resident of this State or not, and it was not there decided that a person residing in the State of Rhode Island can be taxed upon personal property merely because he spends a few months of the winter in New York, and the appeal in that case was by the tax commissioners and not by the relator, and consequently the affirmance of that order does not

require me to hold that the taxation of personal property belonging to a resident of Rhode Island can be imposed in this State.

I think, therefore, the action of the respondents must be reversed and the tax canceled, with costs.