GOODSITE, Treasurer of Erie County, Ohio, v. LANE et al.

(Circuit Court of Appeals, Sixth Circuit. July 20, 1905.)

No. 1,392.

TAXATION—TRUSTS—PLACE.

Under St. Ohio 1890, § 2731, providing that all property within the state, and all moneys, credits, investments in bonds, stocks, or otherwise, of persons residing in the state, shall be subject to taxation, where a trust estate and the beneficiaries were both outside the state, and the trustee did not act as trustee in Ohio, the estate was not taxable there by reason of the mere fact that the trustee was a resident of that state.

Appeal from the Circuit Court of the United States for the Northern District of Ohio.

Malcolm Kelley, for appellant.

E. B. King, for appellees.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge. The question involved is whether personal property, consisting of stocks, bonds, etc., held in New York, on deposit with a bank and trust company, by a trustee appointed by a court of Connecticut, under the will of a resident of Connecticut, for the benefit of an heir and legatee residing in Connecticut, and which had never been brought into or invested in Ohio, was taxable in the latter state for the sole reason that such trustee was a resident of Ohio. The court below held it was not.

The suit was one brought by the beneficiary and trustee to restrain the treasurer of Erie county, Ohio, from collecting $45,773.35, assessed by the auditor, for the years 1898 to 1903, inclusive, and certified to the treasurer for collection. A demurrer to the bill was overruled, and a decree entered, from which an appeal has been taken to this court.

Charles G. Griswold, a resident and citizen of Connecticut, died in 1869, leaving a will, which created certain trusts in favor of his wife and his two married daughters, Elizabeth D. G. Lane, one of the plaintiffs below, and Sarah J. G. Spencer. The will named as trustees the widow and the husbands of the two married daughters. The widow and the husband living in Ohio (William G. Lane) qualified. The two acted as trustees for the entire estate from 1869 until 1877, when Judge Lane died. The widow then acted as trustee until her death in 1888. The will provided substantially that the trustees were to manage the estate, and during the life of the widow pay her one half the income, but in no case less than $2,500 annually, and divide the other half equally between the two daughters, Mrs. Lane and Mrs. Spencer. After the death of the widow the property was to be held for the use and benefit of the daughters during their lives, and upon their death conveyed to their heirs when the latter should attain majority. Upon the death of Mrs. Griswold in 1888 the probate court in Connecticut appointed as trustees William Spencer, a citizen of New York, son of Sarah J. G. Spencer, and the defendant Charles H. Moss, a son-in-law of Eliza-

beth D. G. Lane, and at that time a resident and citizen of Erie county, Ohio.

It appears from the bill that Mrs. Lane has always been a citizen of Connecticut. Moss resided in Erie county, Ohio, up to October 1, 1903, when he removed to Connecticut, and became a citizen of that state. In 1889, the year after the appointment of Moss and Spencer as joint trustees for the entire estate, an arrangement was made by which they resigned their trust, the trust estate was divided, and each was appointed trustee for one-half the estate— Spencer for the share belonging to his mother, and Moss for the share belonging to his mother-in-law, Mrs. Lane. The property, consisting principally of stocks and bonds in Connecticut and New York corporations, has been and is deposited in a bank and trust company in the city of New York. This bank collects the dividends and interest, and credits the same on its books to Moss, as trustee; and Moss as often as twice a year pays over the same to the beneficiary, Mrs. Lane, receiving for his services $300 a year. No part of the estate or its income has ever been brought within the state of Ohio. No change of investment is made, except after personal consultation by the trustee with the beneficiary or her agent, in the city of New York, or at her home in Connecticut.

As stated in the leading case of State Tax on Foreign Held Bonds, 15 Wall. 300, 319, 21 L. Ed. 179, "the power of taxation * * * is necessarily limited to subjects within the jurisdiction of the state. These subjects are persons, property, and business." The question here is, was either this Connecticut estate, or its trustee, as such, within the jurisdiction of Ohio? The statute of Ohio provides that "all property, whether real or personal, in this state, * * * and all moneys, credits, investments in bonds, stocks or otherwise, of persons residing in this state, shall be subject to taxation." Section 2731, Rev. St. 1890. As construed by the Supreme Court of Ohio, "the first clause evidently embraces the tangible property, real or personal, situated in this state, irrespective of the residence of the owner, and the second clause embraces all intangible property of persons residing in this state, irrespective of where the subject of the property may be situated." Myers v. Seaberger, 45 Ohio St. 232, 235, 12 N. E. 796. Applying the rule mentioned supra, the state of Ohio taxes tangible property located in the state, because of its jurisdiction of the property; and it taxes intangible property located without the state, because of its jurisdiction of the person residing in the state who holds it. The property involved in this case had never been brought within the state of Ohio, and therefore could not be taxed upon the ground that it was tangible property within the state. The tax must be sustained, if at all, upon the ground that the estate was the property of a person residing in Ohio, who, being within the jurisdiction of the state, and owing it an obligation, might be compelled to contribute to its support out of his property, wherever located. Kirtland v. Hotchkiss, 100 U. S. 491, 498, 25 L. Ed. 558. The exaction must find its justification in the privileges and protection enjoyed in the state, under its laws, by the person taxed, in the capacity in which taxed. The person taxed

must therefore be in the jurisdiction of the state not only personally, but officially, in the capacity in which he is taxed, and in that capacity must be enjoying the benefits referred to. In the case of a trustee, he must be exercising his office of trustee within the state, and be enjoying, as trustee, privileges of value to the estate, for which it is just the estate should pay. An examination of the cases will show that, where this tax has been sustained, either the trust estate or the beneficiary, or the trustee, as trustee, was receiving benefits from the state, for which it was only fair the trustee should pay. Price v. Hunter (C. C.) 34 Fed. 355, 356; Borough of Carlisle v. Marshall, 36 Pa. 397, 402; Lewis v. County of Chester, 60 Pa. 325, 330; Guthrie v. Ry. Co., 158 Pa. 433, 439, 27 Atl. 1052; Mayor of Baltimore v. Stirling, 29 Md. 48; Appeal Tax Court v. Gill, 50 Md. 377, 396; Mackay v. San Francisco, 128 Cal. 678, 61 Pac. 382; Trustees v. City Council, 90 Ga. 634, 17 S. E. 61, 20 L. R. A. 151. But where the estate and beneficiaries were outside the state, and the trustee only resided, and did not act as trustee, within the state, the tax was not sustained. Hawk v. Bonn, Auditor, 6 Ohio Cir. Ct. R. 452; People ex rel. Darrow v. Coleman, 119 N. Y. 137, 23 N. E. 488, 7 L. R. A. 407. In the case of Gallup v. Schmidt, 154 Ind. 196, 56 N. E. 443, an estate was held taxable in Indiana, where the trustee was appointed, although he was a resident of New Hampshire; the court holding that, having been appointed in Indiana, he was to be regarded, in his capacity of trustee, as a resident of that state. Page 200 of 154 Ind., page 443 of 56 N. E. In the present case neither the trust estate nor the beneficiary nor the trustee, in any proper sense, was within the jurisdiction of the state of Ohio. The trust estate was in New York. The trustee was appointed in Connecticut, and acted wholly outside of Ohio. The fact that as an individual he resided in Ohio could not authorize the taxation of this foreign estate, which had received no benefit whatever from the laws of Ohio.

The judgment is affirmed.