WILLIAMS A. NEWCOMB *vs.* TIMOTHY PAIGE.

Worcester.    April 5, 1916. — June 21, 1916.

Present: RUGG, C. J., DE COURCY, PIERCE, & CARROLL, JJ.

*Tax,* Upon trust property. *Trust,* Taxation. *Comity.* *Statute,* Construction. *Constitutional Law.*

A State may establish a taxing jurisdiction over a trust fund of personal property which was created by a will of one of its residents for the benefit of a non-resident, which is administered by trustees appointed by its own courts, only one of whom is a resident within its borders and who have power to act only as a body, and the evidences of title, securities and assets of which by agreement among the trustees are kept within its borders in the possession of the resident trustee and continue subject to the control of its courts; and interstate comity requires that, where a sister State has established such a jurisdiction, a statute of this Commonwealth should not be construed as displaying a legislative intent to subject such trust property to taxation here unless such an intention is shown by plain and unequivocal words.

The provisions of St. 1909, c. 490, Part I, § 23, cl. 5, display no such legislative intention.

In the present case the beneficiary under the trust was a resident of this Commonwealth, but a tax on one third of the trust fund was assessed to the trustee resident here and not to the beneficiary, and it *was stated* that it therefore was not necessary to consider the aspect of the statute which would have been presented if the tax were assessed to the beneficiary.

*Whether* a statute showing a plain and unequivocal intention of imposing a tax under the above circumstances would be constitutional, was not considered in this case.

CONTRACT by the collector of taxes of the town of Hardwick against one of three trustees under the will of Calvin Paige, late of the city of New York, who held a trust fund for the benefit during his life of one Joseph C. Paige, also a resident of Hardwick,

for a tax of $525 on one third of the trust fund, alleged to be due under the provisions of St. 1909, c. 490, Part I, § 23, cl. 5. Writ dated August 2, 1912.

The case was heard upon an agreed statement of facts by *Fox*, J., without a jury. The material facts are stated in the opinion. He found for the plaintiff in the sum of $623.71, and at the request of the parties reported the case for determination by this court.

The case was submitted on briefs.

*G. D. Storrs*, for the defendant.

*E. H. Vaughan, E. T. Esty & J. Clark, Jr.*, for the plaintiff.

*J. S. Darcy* (of New York), for the trustees under the will of Calvin Paige, by permission of the court submitted a brief.

RUGG, C. J. This is an action by the tax collector of the town of Hardwick to recover a tax assessed to the defendant for the year 1911. The pertinent facts are that the defendant, a resident of Hardwick in this Commonwealth, together with one Monteagle, a resident of California, and one Wright, a resident of New York, was appointed an executor of and a trustee under the will of Calvin Paige, who was domiciled at the time of his decease in the city of New York. They were duly appointed to this trust by the appropriate court of the State of New York. They have not been appointed by the courts of this or any other State except New York. These executors, in accordance with the will, paid to themselves as trustees a legacy of $150,000, to be held during the life of Joseph C. Paige, also a resident of Hardwick, for his benefit. This trust fund was invested in intangible securities, a part of which are not subject to direct taxation in the State of New York, and a part of which are so subject to taxation, and as to this part a tax was paid in that State for the year 1911. So far as taxable the fund as a whole is there subject to taxation. All the securities, documents and other evidences respecting the trust at all times since the creation of the trust have been kept physically in New York in the exclusive custody and control of the trustee there resident, by concurrent assent of all the trustees. Under the law of the State of New York the trustees must act as a unit and all power possessed by them must be exercised by them as a body; and the trust fund still forms a part of the estate of the testator, and if the trust should fail for want of takers, the property would become vested in the Supreme Court of New York to be distributed

according to law. The law of New York relative to the taxation of personal property kept within that State in the hands of executors and trustees appointed by the courts of that State is in substance that when the will of a deceased resident of the State of New York appoints as executors and trustees a resident of the State of New Jersey and two residents of the State of New York, the amount of an assessment for personal property under the control of the executors and trustees in the State of New York is not by reason of the non-residence of the third executor and trustee limited to two thirds of the amount of such personal property, but extends to the whole. *People* v. *Wells*, 94 App. Div. (N. Y.) 463, 465, affirmed in 179 N. Y. 566. We interpret this statement of the law of New York to mean that all personal property held by executors and trustees appointed by the courts of New York acting within their jurisdiction and actually situated in the State of New York is taxable there in case such property is held by executors or trustees one or more of whom reside in the State of New York and one or more of whom reside in another State. *People* v. *Gaus*, 169 N. Y. 19.

This statement of facts shows that in substance and effect, where one or more of several trustees is a resident of New York and the securities in which the trust is invested are kept physically in New York, the laws of New York have established a kind of custody in the courts of that State for a trust fund administered as is the one at bar, and a domicil of the trust fund for purposes of taxation, with the trustee resident in that State.

The Massachusetts tax law apparently was not phrased with a view to the exact situation here presented. But in clause 7 of § 23, Part I of St. 1909, c. 490, the right of the Legislature to establish a domicil for an estate in process of settlement in the Probate Court is asserted by a provision to the effect that personal property of a deceased resident shall be assessed to the estate until after the appointment of an executor or administrator, and then to such executor or administrator for three years (unless sooner distributed and the statute complied with) "in the city or town in which the deceased last dwelt." It would be a hard thing to say that a non-resident executor or administrator might be taxed lawfully for the same property at his domicil on the theory that the title to such personal property was in him. Seem-

ingly it also would be difficult to deny to the Legislature power to enact that a trust fund held by one or more resident and one or more non-resident trustees under appointment from our courts, to be administered according to our law, should not have a domicil for taxation purposes within this Commonwealth. The maxim *mobilia sequuntur personam* is of general application. *Kirtland* v. *Hotchkiss*, 100 U. S. 491, 497. *State Tax on Foreign-held Bonds*, 15 Wall. 300. *Bellows Falls Power Co.* v. *Commonwealth*, 222 Mass. 51, 57, 60. But there are numerous cases where it is held that a State may establish a taxation *situs* for personal property intangible in nature physically within its control, although this may not always and necessarily exclude taxation by the State of the domicil of the owner. See, for example, *Liverpool & London & Globe Ins. Co.* v. *Assessors for the Parish of Orleans*, 221 U. S. 346, and cases there collected. The provisions of clause 5 of § 23 of the tax act,* read in the light of the entire act and of the general principles of law as to taxation, do not subject to a property tax here personal property held by several trustees, only one of whom is a resident of this Commonwealth, under appointment of the court of a sister State of the Union by virtue of the will of a testator resident in that State, to be executed according to its law and actually deposited and continuously kept in such foreign State in the hands of a co-trustee there resident, where it is subject to taxation and a tax there is paid on its account. The final sentence of the clause, to the effect that when the trustee is not a resident of this Commonwealth, the fund shall be "assessed to the person to whom the income is payable, in the place where he resides, if it is not legally taxed to . . . trustee under a testamentary trust in any other State," is some indication of a legislative purpose that a trust fund lawfully within the taxing jurisdiction of

---

* St. 1909, c. 490, Part I, § 23. "Fifth, Personal property held in trust by . . . trustee, the income of which is payable to another person, shall be assessed to the . . . trustee in the city or town in which such other person resides, if within the Commonwealth; and if he resides out of the Commonwealth it shall be assessed in the place where the . . . trustee resides; and if there are two or more . . . trustees residing in different places, the property shall be assessed to them in equal portions in such places. . . . If the . . . trustee is not an inhabitant of the Commonwealth, it shall be assessed to the person to whom the income is payable, in the place where he resides, if it is not legally taxed to . . . trustee under a testamentary trust in any other State."

another State and there making a just contribution to the support of government, should not be made liable to another tax here. The theory of official residence of an executor or trustee at the county seat or within the jurisdiction of his appointment apart from some express provision of the taxing statute finds no support in our cases although adopted in some jurisdictions,* and is not supported by the weight of authority. *Welch* v. *Boston,* 221 Mass. 155, and cases collected at page 161. But a State by law may establish a taxing jurisdiction over a trust fund of personal property created by wills of its residents, administered by appointees of its own courts, evidences of title, securities and assets of which are kept within its borders in the possession of a resident trustee, although sharing such fiduciary duty with nonresident associates. When that is the law of a sister State, as in the case at bar, interstate comity would require plain and unequivocal statutory words to indicate an intention by the Legislature to subject such trust property to taxation in this State, simply because of the residence here of one of several trustees. *Johnson* v. *City Council of Oregon City,* 3 Ore. 13. *Rand* v. *Pittsfield,* 70 N. H. 530.

When there are several trustees, one or more of whom is domiciled in the State of origin of the trust, and the corporeal custody of the securities of the trust is with that trustee at his domicil, and the title of the trustees is joint and their powers must be exercised as a unit, there is no such several ownership in one trustee resident outside the State of the establishment of the trust, but resident in Massachusetts, as brings him within the scope of our tax law as to the trust property. St. 1909, c. 490, Part I, § 23. Under these circumstances he alone as resident of this Commonwealth does not hold the title as owner within the Commonwealth in such sense as to bring him within the terms of the tax act. He cannot exercise ownership as a resident in this Commonwealth, but only by conjoint action with his fellow trustees, none of whom are resident here, as to a fund in substance in the custody of the courts of another jurisdiction. His ownership is not of such character as to bring the taxable domicil of the trust within the terms of our law.

---

* *Gallup* v. *Schmidt,* 154 Ind. 196, 200. *Commonwealth* v. *Peebles,* 134 Ky. 121, 125. *Goodsite* v. *Lane,* 72 C. C. A. 281.

The practical consequences of taxation of the entire trust fund by each State in which one of a number of trustees might live cannot be overlooked. A fund designed to benefit relatives and kindred might by diversity of laws as to taxation and exemptions in such instances be greatly depleted in income by the payment of taxes and prove a barren benefaction. Such an interpretation of the tax law ought not to be given unless required by words of unmistakable meaning. See *Kingsbury* v. *Chapin*, 196 Mass. 533.

The case at bar is distinguishable from *Welch* v. *Boston*, 221 Mass. 155, where all the trustees resided in Massachusetts and nothing appeared as to the law of the State where the trust was established. It is also different from *Bellows Falls Power Co.* v. *Commonwealth*, 222 Mass. 51, where the owner of shares of corporate stock was held subject to taxation notwithstanding the laws of the State of domicil of the corporation.

The tax in the case at bar is not assessed to the beneficiary and it is not necessary to consider that aspect of the tax law.

The present statute does not go to the length of expressing a clear intent to levy a tax upon the defendant in respect of the New York trust under the circumstances here disclosed. It is unnecessary to discuss the constitutional questions which in that event would arise.

*Judgment for the defendant.*