## Guthrie, Appellant, *v.* Pittsburgh, Cincinnati & St. Louis Ry.

*Taxation—Trusts—Bonds—Nonresidents—Wills—Act of* 1891.

A resident in the District of Columbia appointed by will as trustee of his estate a citizen and resident of Pennsylvania. The trustee kept the securities of the estate with a trust company in the city of Washington. The only beneficiary under the trust was the widow of the testator, who received a fixed annuity each year. The remainder of the income was given to persons residing in Pennsylvania. Among the securities of the estate were the bonds of a railroad corporation of Pennsylvania. *Held,* that the bonds were liable to the state tax under the act of June 8, 1891, P. L. 229, and that the railroad company had a right to retain the amount of this tax from the interest on the bonds.

Argued Oct. 30, 1893.   Appeal, No. 186, Oct. T., 1893, by plaintiff, George W. Guthrie, trustee under will of Alexander Murray, deceased, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1892, No. 406, for plaintiff on case stated for less than full amount of claim.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL, DEAN and THOMPSON, JJ.

Amicable action in assumpsit and case stated to determine right of defendant to deduct state tax from interest on bonds.

The case stated was as follows:

" Alexander Murray, the testator above named, died Nov. 10, 1884, being, at the time of his death and for several years prior thereto, a citizen of and resident in the city of Washington, District of Columbia.

" On July 18, 1884, the said Alexander Murray made and published his last will and testament, a copy of which is hereto attached, which after his death was duly probated in the office of the register of wills in said District of Columbia, and on which letters of administration c. t. a. were, on Jan. 13, 1885, duly issued to the above named George W. Guthrie.

" At the time of his death the said Alexander Murray was the owner of twenty-two of the first mortgage coupon bonds of the Pittsburgh, Cincinnati & St. Louis Railway Co., defendant above named, each of said bonds being for the sum of $1,000, and conditioned for the payment, among other things, of interest thereon at the rate of seven per cent per annum, payable semiannually at the office of the Pennsylvania Railroad Co., in the city of Philadelphia, state of Pennsylvania, on the first days of February and August of each and every year.

" On Jan. 22, 1886, the said George W. Guthrie settled his accounts as administrator of the estate of the said Alexander Murray, in the Supreme Court of the said District of Columbia, whereupon the said court adjudged and decreed that the balance in his hands, including the said bonds of the defendant company, should go to and be held by the said George W. Guthrie, trustee under the will of the said Alexander Murray, for the purposes of the trust therein set forth.

" The said George W. Guthrie, with the advice and consent of Mrs. Florence Murray, widow of the said Alexander Murray, had said bonds registered in the name of the said George W.

Guthrie, trustee under the will of the said Alexander Murray, and has held the same as trustee as aforesaid, for the purposes of the said trust, continuously until the present time.

" On March 17, 1892, the said George W. Guthrie, trustee as aforesaid, with money received from the sale of real estate in the city of Chicago, state of Illinois, belonging to the said Alexander Murray at the time of his decease, purchased three more of the said first mortgage bonds of the said defendant company, each for $1,000 and conditioned for the payment of interest thereon at the rate of seven per cent per annum, payable semiannually at the office of said defendant company in the city of Philadelphia aforesaid, on the first days of February and August of each and every year, and had the same registered in the name of the said George W. Guthrie, trustee under the will of the said Alexander Murray, and has held and still continues to hold the same as trustee as aforesaid, for the purposes of said trust.

" The said Geo. W. Guthrie was at the time of the death of the said Alexander Murray, and has been continuously ever since, until the present time, a citizen of the state of Pennsylvania, residing in the city of Pittsburgh, county of Allegheny, and the said Mrs. Florence Murray, widow of the said Alexander Murray, was at that time, and has been continuously since, and still is a resident of the city of Washington, in the District of Columbia, aforesaid, and is not, and never has been a resident of the state of Pennsylvania.

" At the time of the death of the said Alexander Murray, said twenty-two bonds were deposited in a box rented by him in the National Safe Deposit Co., in the city of Washington, District of Columbia, aforesaid. After said bonds had been registered, they were returned to said box, where they were kept with the other securities of the said estate, except on one occasion, when they were sent to the city of Pittsburgh for examination and comparison.

" The interest on the said twenty-two bonds held by the said Alexander Murray at the time of his death has always been collected by Riggs & Co., bankers in the city of Washington, District of Columbia, aforesaid, and placed to the credit of the said Geo. W. Guthrie, administrator of the said Alexander Murray, deceased, and by him applied to the payment

pro tanto of the annuity to which the said Mrs. Florence Murray is entitled under said will.

" No interest has ever been received on the three bonds subsequently purchased by the said Geo. W. Guthrie, but when the same is received it will be applicable to the trust provided by said will from the proceeds of the Chicago property.

" On Aug. 1, 1892, one semiannual installment of interest on said bonds, amounting to the sum of $875, came due and payable, and the said Geo. W. Guthrie, trustee as aforesaid under the will of the said Alexander Murray, drew an order on said defendant company for the amount so due, a copy of which is hereto attached on a blank furnished by said company for that purpose, and delivered the same to the said Riggs & Co. for collection and credit to the account of the said Geo. W. Guthrie, trustee as aforesaid.   Said draft was duly presented to said defendant company, and payment thereof was refused by it, said defendant company claiming the right to retain from said installment of interest the sum of $50, being one half of four mills on each dollar of said bonds, the amount claimed to be due the state for a tax thereon, under the act of June 8, 1891.

" If the court be of opinion that none of said bonds are liable to taxation under said act, then judgment to be entered for the plaintiff for the said sum of $875, with interest from Aug. 1, 1892, and costs of suit; but if the court should be of opinion that any of said bonds are subject to said tax, then judgment to be entered for the plaintiff for the said sum of $875, less the amount of said tax, without interest or costs."

By his will testator directed as follows :

" 2. After payment of my debts, I give, devise and bequeath all my estate, real, personal and mixed wheresoever situate, unto my nephew, George W. Guthrie, of Pittsburgh, Pennsylvania, his heirs, successors and assigns, in trust for the following uses and purposes, and no other, viz. :

" To permit my wife, Florence Murray, to occupy the house No. 1,824 I street, in the city of Washington, in which we now live, free of rent for and during the term of her natural life, or at her pleasure to rent the same and to permit her to receive the rents thereof during said period for her own use.

" To pay to my said wife, the said Florence Murray, the sum

of three thousand dollars a year during the term of her natural life, in equal quarterly installments, commencing immediately after my death; and whenever any of my Chicago property shall be sold, to pay to my said wife, in addition to the said annuity, one third of the income derived from any investment made of the proceeds of such sale or sales."

The remainder of the income and the principal after the widow's death were given to other relatives.

Opinion of the court below was as follows, by McCLUNG, J.:

" Admiral Alexander Murray, of Washington, D. C., died in the year 1884. His estate was settled, and in January, 1886, the Supreme Court of said district, which had jurisdiction of the settlement, adjudged and decreed that the balance in the hands of the administrator should go to and be held by the plaintiff as trustee under the will of said decedent for the purposes of the trust.

" This trust was to invest and pay out of the income (1) $3,000 per annum, to the widow of the decedent who then was and still is a resident of said District of Columbia, (2) certain sums annually to other parties named, and (3) upon the death of the widow to distribute the corpus of the estate amongst still other parties named in the will. All the beneficiaries save the widow are residents of Pennsylvania, or, at all events, their residences not being stated, are for the purposes of this case presumed to reside in this state: Com. v. Lehigh Valley R. R., 129 Pa. 429.

" The balance distributed to the plaintiff upon the settlement of said estate included twenty-two first mortgage coupon bonds of the defendant company, upon which interest is payable annually at the office of the Pennsylvania Railroad Co. in the city of Philadelphia. Under authority given by the will, the plaintiff took and held these bonds as an investment and had them registered in his name as trustee. The trust included the entire estate (excepting some real estate in Washington city, and the testator's household furniture, etc.), and after he assumed its duties, plaintiff, being by the will authorized and empowered so to do, sold certain real estate in Chicago, and with the proceeds purchased three others of said bonds which also were registered in his name as trustee. The trustee was, at the death of Alexander Murray, and since that time continuously has been, a resident of the state of Pennsylvania.

" The question for determination is, ' Are said bonds or any of them liable to taxation by the state of Pennsylvania under the act of June 8, 1891 ?' This act provides for the taxation of such property when held or possessed by a person or persons, etc., in his, her or their own right or as active trustee, etc., for the use, benefit and advantage of any other person, etc. The plaintiff here is admittedly the active trustee of this property, and hence the case comes within the language of the act.

" It was held, however, in the case of Foreign-Held Bonds, 15 Wallace, 300, that when such bonds as these now under consideration are held by nonresidents of the state, it is beyond the power of the state to tax them, and it is maintained that the situs of this trust is Washington, D. C., and therefore that these are in law ' foreign-held bonds.'

" It certainly seems well settled that the situs of such property for the purpose of taxation is in that state where the trustee in whom is vested the legal title and ownership is domiciled : West Chester School Dist. v. Darlington, 38 Pa. 157 ; Carlisle v. Marshall, 36 Pa. 397 ; Price v. Hunter, 21 W. N. 306, U. S. C. C., East. Dist. of Pa. (These are cases under the act of 1846, but, so far as the present case is concerned, the acts are practically identical.) See also : People v. Assessors of Albany, 40 N. Y. 154 ; Dorr v. Boston, 6 Gray, 131. ' Property held in trust should be assessed to the trustee where he resides. . . . The trustees are the representatives of the fund and it should be assessed at their residences : ' Desty on Taxation, page 337.

" Plaintiff however relies upon the case of Lewis v. Chester Co., 60 Pa. 325, and maintains that it rules the question now under discussion. We think however that it is plainly distinguishable. Certainly, if the doctrine of that case applies to the facts presented by the one in hand, it is irreconcilable with the Pennsylvania cases cited, and yet it does not profess to overrule them.

" Plaintiff contends that because the courts of the District of Columbia had jurisdiction of the settlement of the estate of Alexander Murray, therefore the situs of the trust created by his will is in said district, and hence these are foreign-held bonds. We think that he misinterprets or misapplies Lewis v. Chester Co. In that case the trust represented by Mrs.

Lewis was created by the court of the city of New York. Here it is created by the will of Admiral Murray. In that case Mrs. Lewis in holding and investing the money was merely the hand of the court. Her position was, or was analogous to, that of a receiver. The real trustee was the surrogate court. Judge AGNEW, in his opinion, calls attention to the fact that 'distribution yet remained to be decreed by the surrogate.'

"In the present case we have a trust created by the act of the testator, a citizen of Pennsylvania appointed trustee by him, and all that the court of the District of Columbia did was to distribute the property to the party whom the testator appointed to receive it. Thus this testator must be regarded as having voluntarily given it a situs for the purpose of taxation within the state of Pennsylvania. It is a trust recognized by our laws, entitled to and receiving their protection.

"It is a fact in the case, probably worthy of notice, that the only beneficiary under the trust who is not domiciled in the state of Pennsylvania is the widow of the testator, and that she apparently will not be at all affected by the collection of the tax. She is to receive $3,000 per annum out of the income, and the balance is to be paid to other parties. It is true the income from the bonds is now used to pay in part this $3,000 per annum, but if this income is reduced $50,00 by the collection of the tax, the other investments will simply have to contribute to her that much more.

"The tax will thus be collected from a trustee domiciled in the state, and will in the end come wholly off citizens of the state. We do not regard this as a controlling fact in the decision of the case, but it calls attention to the fact, that if the position taken by the plaintiff is correct, then this whole estate might have been left to a Pennsylvania trustee for the use and benefit of Pennsylvania cestuis que trust, and yet after distribution be still beyond the taxing power of the commonwealth.

"We are of opinion that all of said bonds are liable to taxation under the act of 1891, and judgment should be entered on the case stated for the plaintiff for the sum of $825, without interest or costs."

Judgment was entered accordingly. Plaintiff appealed.

*Error assigned* was entry of judgment as above.

*W. Macrum,* for appellant, cited : State Tax on Foreign Held Bonds, 15 Wal. 300 ; Com. v. Del. Div. Canal Co., 123 Pa. 594 ; N. C. R. R. v. Jackson, 7 Wal. 262 ; Lewis v. Chester Co., 60 Pa. 325 ; 2 Rhone O. C. Pr., p. 3, § 6 ; 3 Ib. 67 ; 1 Am. & Eng. Enc. L. 178 ; 7 Ib. 230, 270, 274 ; Carpenter v. Cameron, 7 Watts, 51 ; Schouler on Ex. & Ad. § 36 ; Fesmire v. Shannon, 143 Pa. 201 ; Com. v. Lehigh V. R. R., 129 Pa. 429 ; Spangler v. York Co., 13 Pa. 322 ; Lines's Est., 155 Pa. 378 ; West Chester School Dist. v. Darlington, 38 Pa. 157; School Directors v. James, 2 W. & S. 568 ; Acts of June 7, 1879, P. L. 120 ; June 10, 1881, P. L. 99, § 1 ; June 30, 1885, P. L. 193, § 1 ; Carlisle Borough v. Marshall, 36 Pa. 397 ; Comrs. v. Hazelhurst, 3 Clark, 297 ; Commonwealth's Ap., 11 W. N. 492 ; Orcutt's Ap., 97 Pa. 179 ; Small's Est., 151 Pa. 1 ; Price v. Hunter, 21 W. N. 306 ; Com. v. Fall Brook Coal Co., 156 Pa. 488; Green v. Van Buskirk, 5 Wal. 307 ; Susq. Canal Co. v. Com., 72 Pa. 72 ; Rahrer's Case, 140 U. S. 545 ; Leisy v. Hardin, 135 U. S. 100 ; Bowman v. Ry., 125 U. S. 465 ; Hinchman v. R. R., 45 Leg. Int. 226 ; Com. v. R. R., 9 Pa. C. C. R. 305; Thayer v. U. B. Society, 20 Pa. 60; P. F. W. & C. Ry. v. Evans, 53 Pa. 250 ; Loew v. Stoecker, 61 Pa. 347.

*William Scott* and *George B. Gordon,* for appellee, not heard, cited : Carlisle v. Marshall, 36 Pa. 397 ; West Chester School Dist. v. Darlington, 38 Pa. 157 ; Phila. Ins. etc. Co.'s Ap., 17 W. N. 447 ; Price v. Hunter, 21 W. N. 306 ; People v. Assessors of Albany, 40 N. Y. 154 ; Latrobe v. Baltimore, 19 Md. 13 ; Dorr v. Boston, 6 Gray, 131 ; Com. v. N. Y. L. E. & W. R. R., 150 Pa. 239; Com. v. Lehigh Val. R. R., 129 Pa. 429.

PER CURIAM, November 13, 1893 :

For reasons given in the opinion of the learned judge of the common pleas we think there is no error in the judgment entered on the case stated. Neither of the specifications of error is sustained.

Judgment affirmed.