NOTE.—See Kuyalowicz *v.* Schuylkill Gas and Electric Co., 1 D. & C. 159.

---

## Tax on Corporate Loans.

*Bonds owned by resident and held by non-resident agent, etc. — Bonds owned by non-resident and held by resident agent, etc.—Acts of June 17, 1913, July 15, 1919, and July 21, 1919.*

1. Bonds owned by a resident and held by a non-resident agent, attorney or trustee are subject to the tax on corporate loans in Pennsylvania.

2. Bonds owned by a non-resident and held by a resident agent, attorney or trustee are subject to the tax on corporate loans in Pennsylvania.

Acts of June 17, 1913, P. L. 507, July 15, 1919, P. L. 955, July 15, 1919, P. L. 958, and July 21, 1919, P. L. 1067, considered.

Attorney-General's Department.   Opinion to Hon. Samuel S. Lewis, Auditor General.

HULL, Dep. Att'y-Gen., July 19, 1922.—The Attorney-General is in receipt of your communication inquiring whether, under the statutes which provide for the imposition and collection of the tax on corporate loans, (1) bonds owned by a resident and held by a non-resident agent, attorney or trustee are taxable in Pennsylvania; and (2) bonds owned by a non-resident and held by a resident agent, attorney or trustee are taxable in Pennsylvania.

The principal doubt which now exists upon these questions arises by reason of the enactment of the Act of June 17, 1913, P. L. 507. The law prior to that time was reasonably well settled, as we shall endeavor to show hereafter.

Although the tax on corporate loans is now imposed by section 17 of the Act of 1913, as amended by the Act of July 15, 1919, P. L. 955, and collected under the provisions of section 18 of the Act of 1913, as amended by Act of July 15, 1919, P. L. 958, and section 4 of the Act of June 30, 1885, P. L. 193, as amended by Act of July 21, 1919, P. L. 1067, the solution of the questions stated is to be found in the language of section 1 of the Act of 1913, which imposes a tax for county purposes on personal property other than corporate loans. That the effect of section 1 upon section 17 may clearly appear requires a brief consideration of the legislation which preceded the Act of 1913.

The State tax on personal property was first imposed by section 32 of the Act of April 29, 1844, P. L. 486. An interesting and valuable review of the history of this tax is contained in the opinion of Judge Hargest in Com. *v.* Jacob Reed's Sons, 25 Dauphin Co. Reps. 117. For present purposes it is not necessary to go behind the Act of June 30, 1885, P. L. 193, which was the foundation of the scheme for taxation of such property from the date of its enactment until 1913.

The 1st section of the Act of 1885 created a general class of taxable subjects, consisting of mortgages, bonds, etc., "owned or possessed by any person or persons whatsoever . . . and all other moneyed capital in the hands of individual citizens of the State," which was made taxable for State purposes.

2 D. & C.

### Tax on Corporate Loans.

"Corporate obligations, by the 4th section of the Act of 1885, are taken out of the general designation of subjects contained in the first, and as a distinct class are subject to a different standard of valuation, and the tax to a different method of collection:" Com. *v.* Delaware Division Canal Co., 123 Pa. 594, 622. The 4th section provided that the treasurers of corporations should assess, collect, report and pay into the State Treasury the tax on corporate loans. "A careful analysis of the provisions of the 4th section of the Act of 1885 is necessary to a clear understanding of the purpose of the legislature. It will be observed that the tax which the treasurer of the corporation is by this section authorized and directed to assess and collect is 'the tax imposed and provided for State purposes;' that is to say, the tax which is imposed and provided by the 1st section of the same act upon the general class of subjects, consisting of mortgages, money owing by insolvent debtors, etc., at the rate of 3 mills on the dollar of the value thereof, annually. The effect of the 4th section, as we said in Com. *v.* Delaware Division Canal Co., 123 Pa. 594, was to sub-divide this general class into two particular classes, one embracing the debts of private corporations, to be taxed at the rate specified on their nominal value, the other embracing the residue of the general class, except the bonds of municipal corporations, to be taxed at the same rate upon their value to be ascertained under the ordinary processes of assessment by the local assessor:" Com. *v.* Lehigh Valley R. R. Co., 129 Pa. 429, 447.

"It is apparent that the legislature . . . intended to separate personal property for taxation into two classes, although the subjects were enumerated in the same section of the act of assembly:" Com. *v.* Jacob Reed's Sons, 25 Dauphin Co. Reps. 117, 123.

The 1st section of the Act of 1885 was supplied by section 1 of the Act of June 1, 1889, P. L. 420, which described the general class of subjects made taxable as follows:

". . . all personal property of the classes hereinafter enumerated, owned, held or possessed by any person, persons, copartnership, or unincorporated association or company, resident, located or liable to taxation within this Commonwealth, or by any joint stock company or association, limited partnership, bank or corporation whatsoever, formed, erected or incorporated by, under or in pursuance of any law of this Commonwealth or of the United States, or of any other state or government, and liable to taxation within this Commonwealth, whether such personal property be owned, held or possessed by such person or persons, copartnership, unincorporated association, company, joint stock company or association, limited partnership, bank or corporation in his, her, their or its own right, or as active trustee, agent, attorney-in-fact, or in any other capacity, for the use, benefit or advantage of any other person, . . . is hereby made taxable annually for State purposes; . . . that is to say:

"All mortgages, etc., etc. . . .

"All other moneyed capital in the hands of individual citizens of the State. . . ."

This language is more specific than that contained in the Act of 1885, particularly with respect to the owners or holders whose property is to be taxed, and is repeated *verbatim* in all of the succeeding acts: June 8, 1891, P. L. 229, May 1, 1909, P. L. 298, and May 11, 1911, P. L. 265. From 1889 to 1913 the section quoted furnished the description of the general class of subjects made taxable for State purposes, while section 4 of the Act of 1885 served to point out what part of the general class should be assessed through the treasurers of corporations. Decisions of the courts during this period

upon questions similar to those now under consideration rested upon the construction of the language above quoted. See Com. *v.* Buffalo & Lake Erie Traction Co., 14 Dauphin Co. Reps. 114, 233 Pa. 79; Com. *v.* Hudson Coal Co., 14 Dauphin Co. Reps. 137; Com. *v.* Philadelphia Mortgage and Trust Co., 15 Dauphin Co. Reps. 96.

The Act of June 17, 1913, P. L. 507, introduced a change. The tax which had theretofore been collected locally was made a county tax, and that which had been collected through the treasurers of corporations remained a State tax. The former was imposed by section 1, and its assessment and collection provided for in sections 2 to 16. The latter was imposed by section 17, and its assessment and collection provided for by section 18 and by section 4 of the Act of 1885. "The history of the legislation taxing personal property in this State shows that the Act of June 17, 1913, is a codification or compilation of the prior laws relating to the personal property tax. The principal purpose of the enactment, we think, is to give the tax to the counties instead of, as theretofore, having it collected as a State tax and part of it paid to the counties:" Provident Life and Trust Co. *v.* Klemmer, 257 Pa. 91, 100. "The purpose . . . was not to disorganize this system of assessing and collecting taxes, which was well understood and established, but to provide that, instead of the counties receiving three-fourths of the personal property tax thus collected through the local authorities, . . . they should have all:" Philadelphia Co. for Guaranteeing Mortgages *v.* Guaranty Realty Co., January Term, 1922, No. 401, Pa. Superior Ct. opinion filed March 3, 1922, not yet reported. [78 Pa. Superior Ct. 258.]

"When the Act of 1913 came to be prepared, the draftsman had before him the 1st section of the Act of 1889 as it was amended, containing the subjects upon which the personal property tax was imposed, and upon which also the tax on loans was imposed. Both up to that time were State taxes. . . . So the draftsman of that act took the first seventeen sections of the Act of 1889 as they had been amended up to that time, and embodied them in the first sixteen sections of the Act of 1913:" Com. *v.* Jacob Reed's Sons, 25 Dauphin Co. Reps. 117, 123. In the 1st section of the Act of 1913 he copied *verbatim* the description of the general class of subjects which we quoted above from section 1 of the Act of 1889. These were made taxable for county purposes. The subjects of taxation for State purposes were then enumerated in section 17 (as amended by Act of July 15, 1919, P. L. 955) as follows: "That all scrip, bonds, certificates and evidences of indebtedness issued, and all scrip, bonds, certificates and evidences of indebtedness assumed, or on which interest shall be paid, by any and every private corporation, incorporated or created under the laws of this Commonwealth or the laws of any other state or of the United States, and doing business in this Commonwealth, and all scrip, bonds, certificates and evidences of indebtedness issued, and all scrip, bonds, certificates and evidences of indebtedness assumed, or on which interest shall be paid, by any county, city, borough, township, school district or incorporated district of this Commonwealth, are hereby made taxable . . . for State purposes, at the rate of 4 mills on each dollar of the nominal value thereof. . . ."

This is the section which now imposes the tax on corporate loans. It contains no reference to holders of loans. No distinction is made between bonds held by residents and those held by non-residents. All bonds of the corporations designated, wherever and by whomsoever held, are within its comprehensive language. Did the legislature intend by this language to attempt to tax all such bonds? It must be assumed that the legislature knew that it had been held in State Tax on Foreign Held Bonds, 15 Wall. 300, 21 Law

2 D. & C.

Ed. 179 (1872), that no tax could be imposed by the State of Pennsylvania upon bonds owned by a non-resident and held by him at his place of domicil; that for many years the tax had been imposed only upon bonds held in the manner set forth in section 1, and that the practice of the taxing officers of the Commonwealth during these years had been to demand tax only upon bonds so held. It seems clear that there could not have been any intention to attempt to tax all bonds of the corporations designated. On the contrary, it is apparent that the draftsman of the Act of 1913, forgetting that in section 17 he was creating a tax separate and distinct from that imposed in section 1, neglected to make the later section complete in itself and to repeat the description or designation of the holders whose property should be taxable, which is so carefully and specifically set forth in the 1st section.

In the light of the history of the Act of 1913, I am clearly of the opinion that, although section 17 does not designate the holders whose bonds shall be taxable, the legislative intent is that those bonds shall be taxable which are held by the persons and in the manner set forth in the 1st section. Accordingly, the decisions of the courts from 1885 to 1913, construing the language of the prior acts identical with section 1 of the Act of 1913, apply to the questions which you have raised.

First, with respect to bonds owned by a resident of this State and held by a non-resident agent, attorney or trustee, which is the subject of your first inquiry—

It was held in Com. v. Buffalo & Lake Erie Traction Co., 233 Pa. 79, that bonds owned by residents of this State were taxable here, even though they were held by non-residents as collateral security. The court said: "The fact that the bonds were physically outside of the State cannot affect the question of their taxability. The owners were domiciled in this State and the bonds had their *situs* here also."

In Com. v. Hudson Coal Co., 14 Dauphin Co. Reps. 137, it was held that bonds owned by residents and deposited with non-residents under a contract of indemnity are taxable here. Although they may be held or possessed by non-residents who have a special property in them, yet they are "owned" by residents of this State, and are clearly within the language of the act. Here, again, the court said:

"The fact that the bonds were physically outside of the State cannot relieve the owners from the tax respecting them. As the owners were residents of this State, the *situs* of the property in contemplation of law was also in this State. . . . .

"So it would seem that the subject of the tax is the loan of money at interest owing by solvent debtors, as well as the bond or the writing or the certificate which evidences the indebtedness This being so, the debt represented by the bonds in question, notwithstanding the fact that the bonds were outside of the State, was a debt due to residents of this State, and as such was taxable in this State, the domicil of the person to whom it was due."

Thus it appears that the fact that a non-resident bailee may have physical possession of the bonds, or may have a special property in them, does not relieve them of taxation here if they be owned by a resident, and the reasoning of the cases cited applies as well in the case of a non-resident agent or attorney.

So, also, bonds held by a non-resident trustee for the benefit of a resident *cestui que trust* are taxable here as the property of the beneficiary. "Whilst the *cestui que trust* of the bonds in question may not 'possess' them, he may in some sense be said to own them, and it is all mortgages owned *or* possessed

by any person or persons which are taxable for State purposes:" Com. v. Lehigh Valley R. R. Co., 129 Pa. 429, 452.

Second. Are bonds owned by a non-resident and held by a resident agent, attorney or trustee taxable in Pennsylvania?

The tax is laid by section 1 upon "property . . . owned, *held or possessed* by any person . . . resident . . . within this Commonwealth . . . in his . . . own right *or as active trustee, agent, attorney-in-fact, or in any other capacity*, for the use, benefit or advantage of any other person. . . ."

Under the language of the Act of 1885, which was less specific, it was held that bonds held by resident trustees for non-resident *cestuis que trustent* were taxable in this State. In Com. v. Lehigh Valley R. R. Co., 129 Pa. 429, 439, the court below (which was affirmed upon this point) said: ". . . it is a fair inference from the report of the defendant to the Auditor General and the findings of fact that, even if the *cestuis que trustent* are not residents of the State, the bonds themselves are within the State in the hands of individual trustees, and, therefore, 'owned or possessed by' the trustees, and for this reason within the very words of the Act of June 30, 1885."

The same conclusion was reached in cases arising under the language of section 1, quoted above: Com. v. Philadelphia Mortgage and Trust Co., 15 Dauphin Co. Reps. 96 (appealed to the Supreme Court to No. 20, May Term, 1912, and *non prossed*); Guthrie v. Pittsburgh, Cincinnati & St. Louis R. R. Co., 158 Pa. 433.

It may be suggested that the maxim *mobilia personam sequuntur*—the rule that intangible personal property has its *situs* at the domicil of the owner—operates to relieve bonds owned by non-residents from the operation of the corporate loans tax. "That rule, however, is not of universal application. Based on a fiction of law, it has its special use where convenience and justice require, but ordinarily the truth, and not the fiction, must form the basis of action:" Hostetter's Estate, 267 Pa. 193, 196. "The rule *mobilia sequuntur personam* is a fiction of the law, not resting of itself upon any constitutional foundation, and which gives way before express laws, destroying it in any given case when constitutional requirements themselves do not stand in the way:" New Orleans v. Stempel, 175 U. S. 309, 44 Law Ed. 174, 178.

The *situs* of a bond may be at the place where the bond itself is held. "We find the frequent ruling that when an indebtedness has taken a concrete form and become evidenced by note, bill, mortgage or other written instrument, and that written instrument evidencing the indebtedness is left within the state in the hands of an agent of the non-resident owner, to be by him used for the purposes of collection and deposit or reinvestment within the state, its taxable *situs* is in the state:" New Orleans v. Stempel, 175 U. S. 309, 44 Law Ed. 179. Or it may have a *situs* in this State by reason of the fact that the trustee who has title to it is resident here, even though the bond itself be outside the State: Guthrie v. Pittsburgh, Cincinnati & St. Louis Ry. Co., 158 Pa. 433.

If it be clear, as it is in this case with respect to bonds held by non-residents, that the legislature intended to recognize for tax purposes the *situs* in this State, established either by the physical presence of the bonds or the domicil of the agent, attorney or trustee holding the same, the bonds are taxable here.

I, therefore, advise you that (1) bonds owned by a resident and held by a non-resident agent, attorney or trustee are subject to the tax on corporate loans in Pennsylvania; and (2) bonds owned by a non-resident and held by a resident agent, attorney or trustee are subject to the tax on corporate loans in Pennsylvania.	From Guy H. Davies, Harrisburg, Pa.