## Commonwealth *v.* Pittsburgh School District, Appellant.

Submitted November 24, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*N. R. Criss* and *David Putney,* for appellant.

*Frank A. Sinon,* Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellee.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, January 5, 1942:

The question presented on this appeal by the School District of the City of Pittsburgh is whether it is liable for the four mill State tax on bonds which it has issued, containing a tax free covenant, held by (1) savings institutions having no capital stock and (2) by resident corporate trustees under trusts for non-resident beneficiaries. The court below held the School District liable for the tax.

The statute imposing the tax is the Act of June 17, 1913, P. L. 507, as amended. Section 17, 72 PS §2121, provides: ". . . all bonds . . . on which interest shall be paid, by any . . . school district . . . are hereby made taxable . . . annually . . . for State purposes at the rate of four mills on each dollar of nominal value thereof . . . the provisions of this act shall not apply to . . . savings institutions having no capital stock . . . and if at any time . . . any . . . bodies corporate have agreed or shall hereafter agree to issue . . . bonds . . . clear of and free from the said four mills tax . . . or have agreed or shall hereafter agree to pay the same,

nothing herein contained shall be so construed as to relieve or exempt . . . it . . . from paying the said four mills tax on any of said . . . bonds . . . as may be held, owned by, or owing to the said savings institution having no capital stock."

It is argued in behalf of the School District that it does not come within the designation, "bodies corporate", appearing in the act, who are required to pay the tax, even though the bonds are held by savings institutions, in instances where the bonds are issued with tax free covenants. We are unable to accept the argument, because in our opinion school districts are "bodies corporate" and have been so recognized by express legislative provisions.

Article I, section 101, of the School Code (Act of May 18, 1911, P. L. 309, as amended, 24 PS §21 et seq.) makes each city a separate school district. Section 123, 24 PS §34, confers upon each district the right to sue and be sued "in its corporate name." Section 124, 24 PS §35, gives the power to the school directors to adopt a "corporate seal." And Section 119, 24 PS §30, is in this convincing language: "The several school districts in this Commonwealth, established by this act, shall be and hereby are vested, *as bodies corporate* * with all necessary powers to enable them to carry out the provisions of this act." The lawmaking body having in explicit terms declared them to be "bodies corporate", we must and do so recognize them. Furthermore, as long ago as 1862, in *Wharton v. School Directors of Cass Township,* 42 Pa. 358, 363, we said: "They belong to that class of quasi corporations to which counties and townships belong", and in *Erie School District v. Fuess,* 98 Pa. 600, 606, we said, they "are corporations of lower grade and less power than a city." See also *Mulligan v. School District,* 241 Pa. 204, 88 A. 362. Recently, in *Wilson v. Phila. School Dist.,* 328 Pa. 225, 249, 195 A.

---

* Italics supplied.

90, we spoke of the power of the School District "to borrow money for its proper corporate purposes." *Com. v. Beamish,* 81 Pa. 389, is not authority against our present conclusion. We were there dealing with a penal statute which required strict construction. We remarked, however, that legislation has conferred on school districts certain capacities as "bodies corporate."

As to the bonds held by the resident trustee in trust for non-resident beneficiaries, it is sufficient to say that under all our decisions property held in trust is assessable to the trustee where the trust is administered. The payment of taxes on trust property is an obligation of the trustee: *Guthrie v. Pittsburgh, Cincinnati & St. Louis Ry.,* 158 Pa. 433, 27 A. 1052; *Cumberland Co. v. Lemoyne Trust Co.,* 318 Pa. 85, 178 A. 32; *Dorrance's Est.,* 333 Pa. 162, 3 A. 2d 682; *Griscom's Est.,* 333 Pa. 186, 3 A. 2d 693.

It is suggested in appellant's brief that if we reach the conclusion which we have, that the taxes are payable by the School District, the act warranting the levy must be considered discriminatory and in violation of the constitutional provision against unreasonable classification, citing *Com. v. Quaker City Cab Co.,* 287 Pa. 161, 134 A. 404; *Com. v. Girard Life Ins. Co.,* 305 Pa. 558, 158 A. 262. We think neither of these cases supports the contention and that there is no arbitrary classification made. In *Com. v. Hudson Coal Co.,* 287 Pa. 64, 134 A. 413, we said that the matter of classification is one for the Legislature and not for the courts and that it is not for us to interfere, unless we can say that the grouping made by that body is purely illusory and clearly intended as an evasion of the Constitution. The same idea, in other language, is expressed in the Girard Life Ins. Co. case and in *Com. v. Delaware Division Canal Co.,* 123 Pa. 594, 16 A. 584; *Com. v. Germania Brewing Co.,* 145 Pa. 83, 86, 22 A. 240, and in the Quaker City Cab Co. case.

The judgment of the court below is affirmed.