## Borough of Wilkinsburg v. Wilkinsburg School District et al.

*Herbert Patterson,* for plaintiff.

*James E. Hindman, de bene esse,* for defendants.

EGAN, J., February 10, 1949.—Defendants filed an answer raising objections to this complaint in mandamus, contending that this court is without jurisdiction to grant the relief asked by plaintiff.

The borough passed an Ordinance No. 1356 on April 12, 1948, known as the Wilkinsburg Borough Amusement Tax Ordinance. It was enacted under the authority of the Act of June 25, 1947, P. L. 1145, which empowers cities, boroughs, townships, etc., to levy,

assess and collect taxes upon any and all subjects of taxation which the Commonwealth has power to tax, but which it does not tax or license. The act of the legislature authorized these political subdivisions to provide by ordinance for the levying, assessment and collection of such taxes imposed under the authority of said act.

The borough passed such an ordinance imposing a tax for 1948 upon the admission fee or privilege to attend or engage in any amusement, at the rate of one cent for each ten cents, or fraction thereof, of the established price charged the general public, or a limited or selected group thereof, by any producer for such privilege, which shall be paid by the person acquiring such privilege. Amusements included in the ordinance are:

"All manner and forms of entertainment, including among others, theatrical or operatic performances, concerts, lectures, moving picture shows, vaudeville circus, carnival and side shows, all forms of entertainment at fair grounds and amusement parks, athletic contests, including wrestling matches, boxing, and sparring exhibitions, football, basketball and baseball games, skating, golfing, tennis, hockey, bathing, swimming, archery, shooting, bowling, pool, billiards, riding, dancing, and all other forms of diversions, sport, recreation or pastime, shows, exhibitions, contests, displays and games and all other methods of obtaining admission charges, donations, contributions, or monetary charges of any character, from the general public, or a limited or selected number thereof directly or indirectly in return for other than tangible property, or specific personal or professional services."

The ordinance provides for the collection of the tax by the producer, and payment thereof to the borough on or before the tenth day of the following month.

There is nothing in the ordinance exempting the school district from compliance, and clearly it is broad enough to bring defendants within the scope of its requirements: Commonwealth v. Pittsburgh School District, 343 Pa. 394. Permits must be secured only for those events or gatherings to which the public is admitted upon payment of an established price. It can fairly be taken into consideration that high school football contests and other games draw large crowds who are asked to pay an admission charge for the privilege of witnessing such events. Their welfare and safety become matters of responsibility on the part of the borough.

It must be kept in mind that this is not a tax upon the school district. It is asked to collect the tax, and make a return to the borough of the amount of the tax collected, based on the number of paid admissions, all of which is wholly within the information of the school district. Its athletic contests, entertainments and other forms of diversion, open to the public upon the payment of an established price, fall within the general category provided in the ordinance requiring the payment of the tax of one cent on each ten cents of the admission charged. Unquestionably the State could impose such tax, and require the school district to collect it. The State has not done so, but under the Act of June 25, 1947, it has given this authority to the designated governmental subdivisions, and the Borough of Wilkinsburg, under Ordinance No. 1356, is doing only that which it has been authorized to do. Such collection of the tax is simply a ministerial act and not discretionary, so that a writ of mandamus may issue to compel public officers to perform such acts.