## Wilkinsburg Borough *v.* Wilkinsburg Borough School District et al., Appellants.

Argued May 22, 1950. Before DREW, C. J., STERN, STEARNE, JONES and BELL, JJ.

*James E. Hindman,* for appellants.

*Herbert Patterson,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, June 26, 1950:

A borough is here seeking to compel a school district to collect a tax imposed by the borough on admissions to entertainments, including athletic events, conducted by the school district. We are not in agreement with the court below that the borough has any such statutory or other authority.

The Act of June 25, 1947, P. L. 1145, authorized boroughs and certain other political subdivisions to levy and collect, or provide for the levying and collection of, taxes on persons, transactions, occupations, privileges, subjects and personal property within their limits, provided that the object taxed was not then, nor thereafter became, subject to a state tax. Pursuant to that Act the Borough of Wilkinsburg passed an ordinance imposing

a tax upon the admission fee or privilege to attend any amusement at the rate of one cent on each ten cents or fraction thereof charged to the public by any producer, the tax to be paid by the person acquiring such privilege. The word "amusement" was defined by the ordinance to cover all forms of entertainment; the word "producer" was defined as meaning any person, co-partnership, association or corporation conducting a place of amusement. The ordinance required that a permit be obtained by the producer, that the producer should collect the tax and be liable to the borough as an agent thereof for its payment to the borough, and that the producer should make a report of the tax collected and pay the sum due into the borough treasury. There was a provision that any person, co-partnership, association or corporation failing, neglecting or refusing to comply with any of the terms or provisions of the ordinance should, upon conviction thereof, be sentenced to pay a fine of $100, and, in default of payment of said fine, be imprisoned for a period not exceeding 30 days.

The School District of the Borough of Wilkinsburg conducted a number of football games where admission fees were charged, but it refused to obtain a permit therefor or to collect the tax or to file a report to the borough of the amount collected. The borough brought an action in mandamus against the school district and the school directors to compel their compliance with the ordinance. Defendants filed an answer denying the authority of the borough to force them to perform the duties demanded. The court granted a motion of the borough for judgment on the pleadings and directed defendants to obtain the required permit, collect the tax, and report to the borough the amount of tax collected and due.

There is no question as to the legality, under the authority granted by the Act of 1947, of the tax imposed

by the borough on the privilege of attending any amusement, or as to the right of the borough to compel all persons, co-partnerships, associations and corporations within its jurisdiction to act as its agents in collecting the tax: (*Blauner's, Inc. v. Philadelphia*, 330 Pa. 340, 347, 348, 198 A. 889, 892). Neither is there any question as to the right of the legislature to grant to a municipality the authority to impose a similar duty upon a coterminous school district. But certainly, if the legislature means to confer such a power, it must do so in clear and specific language. While a school district is not, of course, an independent sovereignty, it does constitute a body corporate, a quasi-municipal corporation, which is an agency of the Commonwealth for the performance of prescribed governmental functions, being created and maintained for the sole purpose of administering the Commonwealth's system of public education; the school directors, who receive no compensation for their time and labor, are appointed or elected to serve only that one public purpose: *School District of the City of Erie v. Fuess*, 98 Pa. 600, 606; *Ford v. Kendall Borough School District*, 121 Pa. 543, 547, 15 A. 812, 815; *Briegel v. City of Philadelphia*, 135 Pa. 451, 458, 19 A. 1038; *Carlo v. Scranton School District*, 319 Pa. 417, 418, 179 A. 561, 562; *Meliodon v. Philadelphia School District*, 328 Pa. 457, 459, 195 A. 905, 906; *Commonwealth v. Pittsburgh School District*, 343 Pa. 394, 396, 23 A. 2d 496, 497; *Rosenblit v. Philadelphia*, 28 Pa. Superior Ct. 587, 593, 594. Without express statutory consent a municipality cannot impose upon the Commonwealth itself the duty of collecting a tax levied by the municipality (*Marson v. Philadelphia*, 342 Pa. 369, 375, 21 A. 2d 228, 231) and by the same token it cannot, without express legislative permission, impose such a duty upon any other political subdivision or agency of the Commonwealth. While the Act of 1947 authorizes municipal bodies to

levy and collect certain taxes it does not in terms, or by any reasonable inference, grant them the power to compel another agency of the Commonwealth to collect such taxes for their benefit.

The order for the entry of judgment in favor of the Borough of Wilkinsburg is reversed at the costs of the borough, and the proceedings are dismissed.