## Commonwealth v. Goldinger

*W. Davis Graham,* for plaintiff.
*McCullough & House,* for defendant.

GRAFF, P. J., July 1, 1959.—This matter comes before us upon a writ of certiorari to a justice of the peace in East Franklin Township, this county, before whom defendant was charged with a violation of a wage tax resolution adopted by the school district of said township upon May 27, 1957. Upon January 13, 1959, a judgment of conviction was entered against defendant for the failure to file a wage tax return. A sentence to pay the costs was entered.

Upon a writ of certiorari the inquiry of this court is limited to the regularity and legality of the proceedings.

In the specifications set forth in the petition for the writ there is no mention of any irregularities in the proceeding, petitioner being content to rely upon the position that no authority existed in the school district to create a summary offense for a violation of the resolution, which provides for the filing of a return, giving information required for the imposition of the tax.

It is here to be noted that the School District of East Franklin Township has not reimposed the wage tax contained in the present resolution, and the question now before us would seem to be somewhat moot in character.

The validity of the Act of June 25, 1947, P. L. 1145, 53 PS §6851, et seq., and the authority of fourth class school districts to act thereunder, has been determined by the Supreme Court in English v. Robinson Township School District, 358 Pa. 45. There can be no question but that East Franklin Township School District had complete authority to impose the wage tax, under the provisions of the resolution of May 27, 1957. In Philadelphia v. Cline, 158 Pa. Superior Ct. 179, it was held that the city had the right to recover penalties against nonresidents for their failure to file returns under an earned income tax ordinance, and to institute such proceedings by a capias. The provisions of the Act of August 5, 1932, P. L. 45, 53 PS §15971 et seq., are similar to the provisions contained in the Act of 1947, now under consideration, as they relate to the authority to levy and collect taxes, and to prescribe and enforce penalties for the nonpayment of the same. The Act of August 5, 1932, P. L. 45, and municipal action pursuant to it, were also sustained in Blauner's, Inc. v. Philadelphia, 330 Pa. 342. In English v. Robinson Twp. School District, supra, the court states upon page 51 as follows:

"It is really not so much a delegation of power to school districts as a direct assertion of the State's power to tax enforced by the State's agents: Minsinger v. Rau, 236 Pa. 327, 84 A. 902. The statute makes school districts bodies corporate: 24 PS section 30; Commonwealth v. Pittsburgh School District, 343 Pa. 394, 23 A. 2d 496. . . . The power to delegate to the elected school board as an agency of the Commonwealth the duty of levying taxes in order to comply

with Article X, section 1, is not now open to question."

Section 1 of the Act of June 25, 1947, P. L. 1145, as last amended January 31, 1956, P. L. [1955] 971, 53 PS §6851, provides, inter alia, as follows:

"The duly constituted authorities of the following political subdivisions . . . school districts of the fourth class may, in their discretion, by ordinance or resolution, for general revenue purposes, levy, assess and collect or provide for the levying, assessment and collection of such taxes as they shall determine. . . ."

Section 7 of the Act of 1947, as amended May 9, 1949, P. L. 898, 53 PS §6857, provides as follows:

"Any such political subdivision shall have power to prescribe and enforce reasonable penalties for the nonpayment, within the time fixed for their payment, of taxes imposed under authority of this act and for the violations of the provisions of ordinances or resolutions passed under authority of this act."

It is true that there was no act of assembly specifically conferring upon school districts of the fourth class the power to create summary offenses, or to impose penalties, prior to the passage of the Act of 1947, now under consideration. Section 11 of the resolution of the school board of May 27, 1957, provides as follows:

"Section 11. Any person or corporation or officer thereof, convicted before any Justice of the Peace in the Kittanning Union School District of violating any of the provisions or requirements of this resolution, or refusing to permit the Tax Collector or any other person authorized under this resolution to examine his books, record and papers; or of knowingly making any incomplete, false or fraudulent returns; or of attempting to do anything whatever to avoid the payment of the whole or any part of the tax imposed under this resolution shall be guilty of a summary offense and upon conviction shall be liable to a fine or penalty not exceeding $100.00 for each and every offense and

the costs of prosecution thereof, and, in default of payment thereof, to undergo imprisonment in the County Jail for a period not exceeding thirty days. . . ."

Section 14 of the resolution provides that if any part of the resolution is found to be illegal or invalid, such shall not affect or impair any of the remaining provisions.

The wisdom or fairness of the wage tax imposed by the resolution is not before us. It can be said that there are many good arguments against it. By section 1 of the Act of 1947 the legislature definitely provided that school districts of the fourth class may by resolution levy, assess and collect or provide for the levying, assessment and collection of such taxes. And in section 7 of the act, in the penalty clause, it is specifically provided that the school district shall have power to prescribe and enforce reasonable penalties for the nonpayment of the taxes imposed, and also for violation of the provisions and ordinances and resolutions passed under the authority of the act. The legislature is concluded to have had in mind the fact that no separate act of assembly provided authority for the creation of a summary offense or a civil penalty, and the enforcement thereof, for violation of the resolutions and ordinances in the school districts of the Commonwealth. The language used in the act of assembly was placed there for some purpose. To hold otherwise would be to conclude that the legislature had done a vain thing. We are of the opinion that the intent of the legislature was to grant the authority to the school district of creating a civil penalty to be used in the enforcement of the resolutions specifically authorized.

In Borough of Steelton v. Rashinsky, 33 Dauph. 227, Judge Hargest states upon page 230 as follows:

"The distinctions between the suits for penalties and summary convictions have been well defined and ought

to be well known, but confusion between these two proceedings has arisen because both courts and legislatures, at times, have not adhered to those well defined distinctions. Summary convictions are in their nature criminal prosecutions, generally for the violation of a statute, imposing both a fine and imprisonment, and should be in the name of the Commonwealth. On the other hand, a proceeding for the violation of a municipal ordinance had almost uniformly been held to be a civil proceeding and should be brought in the name of the borough. These distinctions and the reasons for them are learnedly discussed in the cases of Commonwealth v. Betts, supra; Milton Borough v. Hoagland, supra; City v. Duncan, supra, and many others."

The resolution now before us is one of a municipality. It does not provide for fine and imprisonment, but for a penalty, and imprisonment only if the penalty is not paid. It is here to be observed that whilst imprisonment for debt has been abolished by the Act of July 12, 1842, P. L. 339, 12 PS §257, it is specifically not abolished for "actions for fines or penalties". See also Pa. R. C. P. 1481. In Elkay Steel Co. v. Collins, 392 Pa. 441, the Supreme Court states upon page 449, referring to the Act of 1842, as follows:

"The main object of this statute was to relieve from imprisonment in all cases where the offense was that of omitting to pay money due on a contract."

The fact that the resolution names the violation thereof as a "summary offense" does not change its civil character. In Steelton v. Rashinsky, supra, the violation of a borough ordinance was called a misdemeanor, and the court there held that such a provision was not controlling, nor did it change the civil character of the violation.

The record of the justice of the peace discloses that Goldinger received a written notice requesting that he

comply with the resolution concerning the wage tax return. This was ignored. An information was made charging the violation, and thereafter a warrant was served for his arrest. Before the justice defendant arbitrarily refused to file a final return, or pay any wage tax. He refused to file a bond for his appearance, with his wife as surety, which undoubtedly could have been arranged. It would appear that he went to jail of his own choosing, where he was released two days later, on filing his own recognizance. Upon hearing before the justice defendant was adjudged guilty of failure to file a wage tax return, and sentenced to pay the costs. Thereafter the petition for the certiorari was presented, and again defendant permitted to file his own recognizance.

The present case is similar to Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102. There the information for the violation of a borough ordinance imposing a wage tax was instituted in the name of the Commonwealth. There a warrant was not issued, but rather a summons. Defendant posted bond for appearance before the justice, where he was found guilty, and directed to pay a fine of $50 and costs, and upon failure to do such imprisoned in the county jail for a period of 10 days. Upon appeal to the County Court of Allegheny County he was again adjudged guilty of the offense of failure to file returns and to pay the tax, and was sentenced to pay the costs only. The Superior Court held that the proceeding was civil in character, and that defendant was properly found subject to the penalties of the ordinance. It is there stated on page 108 that:

"Whether called a summary conviction or a suit for penalty, the procedure would have been substantially the same."

The caption was amended by striking off "Commonwealth" and substituting "Pleasant Hills Borough".

We can see no real distinction between that case and the one now under consideration. The caption in this case should be amended to read "School District of East Franklin Township", instead of "Commonwealth of Pennsylvania".

To strike down and declare invalid section 11 of the resolution would seriously impair the ability of school districts throughout the Commonwealth to enforce and to collect a tax which the legislature has specifically authorized them to impose. We are of the opinion that penalties, civil in character, had been created by the resolution, and the enforcement of such may be proceeded with in the ordinary well-established procedure before a justice of the peace.

Petitioner is not relying upon any irregularities in the record, but rather contends that section 11 of the resolution should be declared invalid in its entirety. This we cannot do.

*Order*

And now, July 1, 1959, the certiorari is dismissed.