CAPITOL ASSOCIATES, Park–Mor, Inc., Pennsylvania Garages, Inc., Michael K. Albert, John Anwyll, Michelle C. Armour, Jeff Baltimore, Paula Basile, Daniel J. Blascovitch, Capital Region Chamber of Commerce, Angelo Card, Janet B. Carson, The Catholic Shop, M. Nichelle Chivis, Irene Cohle, William Chianos, Diedra Cooper, Frank DiNatale, Ron L. Fowler, Darlene K. Gange, Kim Harris, Paul Harris, Michael J. Hartman, Hepford, Swartz & Morgan, Kathy Kell, Bob Kettering, Jeffrey L. Kettering, Nancy Kuhn, James Lanzia, Joseph A. Layman, Jr., Wanda Lerch, Betty E. Lewis, Allen Levinthal, Laureen L. Matteo, Beverly A. McMullan, Francis J. Nooney, Pa. Bar Institute, Pa. Builders Assoc., Pa. Manufacturers Assoc., Pennsylvanians For Effective Government, Eugene Pitnick, Thomas E. Potter, Sharon Potter, Jeffrey Schaffer, Chuck Schell, St. Stephen's Episcopal Cathedral, Denise Spraglin, Joyce Tambolas, Lewis C. Trauffer, Travel Professionals, Inc., Donald R. Walker, Jr., Linda Walker, James B. Waters, Michael R. Waters and James Williams

v.

The SCHOOL DISTRICT OF the CITY OF HARRISBURG.

HARRISBURG PARKING AUTHORITY, John C. Howett, Jr., Robert L. Weldon, Robert R. Church, Eugene Pepinsky, Heath L. Allen, Leslie B. Handler, Robert A. Hubbard, Jr., Iris J. Miller, Deborah Saphore, George A. Bentzel, James R. Slabonik, Richard A. Summers, Patricia A. Kennedy, Isaac Mishkin, Diane L. Banks, Sheila E. Ciotti, Jacqueline R. Culbertson, Harry R. Davis, Jeffrey B. Edwards, Eloise M. Egresitz, Chris Howe, Nancy C. Kuhn, Judith Legrand–Roman, Daniel C. Leppo, James P. Lettiere, Alan B. Morton, Deborah Ritchey, Tracy Robinson, Patricia Schaeffer, Raymond Spencer, Patricia Stewart, John Belatson, John F. Downs, Deborah H. McGovern, Allison M. Smith, Kathleen Daugherty and Sharon L. Taylor

v.

The SCHOOL DISTRICT OF the CITY OF HARRISBURG.

COUNTY OF DAUPHIN, Pennsylvania and Dauphin County, Pennsylvania County General Authority, and Martin Bangert, Jr., Michaelene A. Barone, Bertie E. Bouder, John S. Brauner, Barbara L. Brown, Steven Chiavetta, Eileen Clauser, Kevin J. Cooper, Stacey L. Dean, James J. Dunn, Mary Eberts, Wesley D. Elmer, Jeffrey Enders, Christine A. Feidt, Karen L. Green, Andrea M. Henry, Patrick J. Horner, Betty L. Houser, Beth L. Johnson, Lawrence A. Joyce, Kira Keaffer, Jean E. Kepler, Stanley Kozel, Phyllis Lay, Doris J. Lighton, Susan E. Miller, Eloise M. Myers, Gertrude K. Myers, Richard C. Quenzer, Greg R. Rausch, Rebecca Rickenbach, Joseph R. Rittner, Charles T. Rodemaker, Jr., Gary A. Serham, Clara

F. Sloane, Paul R. Smith, Marie A. Spychalski, Anita L. Squire, Towanda Acey Stephens, Donald L. Tadyck, Neil Williard, Kathryn Walt, Thomas P. Wasco, Elaine A. Washington and Margarette Yeldell

v.

The SCHOOL DISTRICT OF the CITY OF HARRISBURG, Appellant.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1996.
Decided Nov. 13, 1996.

Stuart L. Knade, Harrisburg, for appellant.

Neil Hendershot, Harrisburg, for appellee, Dauphin County General Authority.

David A. Wion, Harrisburg, for appellee, County of Dauphin.

Joshua D. Lock, Harrisburg, for appellee, Harrisburg Parking Authority, et al.

Stephen A. Moore, Harrisburg, for appellee, Capitol Associates, et al.

Before COLINS, President Judge, and SMITH, J., and KELTON, Senior Judge.

COLINS, President Judge.

The School District of the City of Harrisburg (School District) appeals from the October 31, 1995 order of the Court of Common Pleas of Dauphin County (Common Pleas) invalidating the School District's parking tax as applied to the Harrisburg Parking Authority (HPA); Dauphin County and Dauphin County General Authority (DCGA); and Capitol Associates, Park–Mor, and Pennsylvania Garages (private operators). We reverse.

In June 1995, the School District, pursuant to Section 2 of the Local Tax Enabling Act (LTEA),[1] adopted Resolution 309 (Resolution or Parking Tax), assessing for general revenue purposes, a transaction tax of 10 percent on the consideration paid by patrons of non-residential parking sites. Section 2 of the Resolution defines "nonresidential parking site" as any area, lot, garage, or other place where cars are parked or stored for any period in exchange for consideration, excluding parking provided or leased in connection with occupancy of a residence; parking provided to nonresident guests or tenants of a hotel, motel, or trailer park; parking provided for the exclusive use of customers, patrons, or business visitors of a business establishment or office; and parking regulated by means of an on-street parking meter. Section 3 of the Resolution imposes the duty of collecting the tax on the operator of the parking site in exchange for 2 percent of the amount collected (as provided in Section 6 of the Resolution). Section 8 of the Resolution provides a procedure for persons claiming an exemption from the duty to pay or collect the tax and for special agreements under which exempt operators might agree to collect the tax; Section 7 provides a procedure for direct collection by School District collectors in instances where the operator may be exempt from collecting the tax.

The appellees herein filed three separate appeals. After a consolidated hearing, Common Pleas issued an opinion and three separate orders declaring the Parking Tax invalid as applied to each of the appellees. Common Pleas found that HPA, Dauphin County, and DCGA, as government agencies and bodies, are immune from taxation by the School District absent a specific statutory waiver. As to the private operators, Common Pleas invalidated the Parking Tax on equal protection and uniformity grounds and under the LTEA. Under the LTEA, the court found the Parking Tax unreasonable and excessive in that the burden of the tax would fall disproportionately on private parking operators and their patrons.

On appeal to this Court, the School District contends that Common Pleas erred in its conclusions. The School District argues that the governmental authorities are not immune from the obligation to collect the Parking Tax and their property is not shielded from the operation of the tax; that the tax is not unconstitutional on equal protection or

1. Act of December 31, 1965, P.L. 1257, as *amended*, 53 P.S. § 6902.

uniformity grounds; and that the tax is not unreasonable or excessive under the terms of the LTEA.

### Validity of the Parking Tax

The School District's Parking Tax is a tax on the fees paid by patrons of nonresidential parking lots and garages; it imposes the responsibility for collecting the tax on the operators of those parking facilities. In our recent decision in *Airpark International I v. Interboro School District*, 677 A.2d 388 (Pa. Cmwlth.1996), we determined that such a tax is a transaction tax authorized by the plain language of the LTEA. The Parking Tax is imposed on the parking patron, not on the owner or operator of the parking facility. The resolution spells out both the subject and the measure of the tax as the transaction. *Id.*

■ The Parking Tax does not violate either the uniformity provision of the Pennsylvania Constitution[2] or the Equal Protection Clause of the Fourteenth Amendment[3] to the U.S. Constitution. *Alco Parking Corporation v. Pittsburgh*, 453 Pa. 245, 307 A.2d 851 (1973), *reversed on other grounds*, 417 U.S. 369, 94 S.Ct. 2291, 41 L.Ed.2d 132, (1974); *Airpark*, 677 A.2d at 394. "The test of uniformity [and equal protection] is whether there is a reasonable distinction and difference between the classes of taxpayers sufficient to justify different tax treatment." *Airpark*, 677 A.2d at 393. As long as the classification is based on some reasonable standard, even if that standard is the ability to produce revenue, equal protection has been afforded. *Id.* at 394. "Commercial parking lots are without question a proper subject for local, municipal taxation." *Alco Parking*, 453 Pa. at 257, 307 A.2d at 858.

For the purposes of its Parking Tax, the School District identifies a class of taxpayers consisting of patrons of nonresidential commercial parking facilities. The classification of nonresidential, commercial parking is reasonably distinct from residential parking or nonresidential, noncommercial parking to justify different tax treatment. In addition, our Supreme Court has "squarely held that such a classification was valid and did not violate either the uniformity provision of the Pennsylvania Constitution or the Equal Protection Clause of the Fourteenth Amendment." *Airpark*, 677 A.2d at 394 (citing *Alco Parking*).

### Immunity and Exemption from the Tax

■ Common Pleas concluded that HPA and DCGA, as agencies or governmental bodies of the Commonwealth, are immune from taxation by the School District absent a specific statutory waiver. This conclusion confuses the concepts of sovereign immunity and immunity or exemption from taxation. Immunity of a sovereign from local taxation stems from a lack of delegation of the taxing power, and not from the common law doctrine of sovereign immunity, which has been abrogated. *Bucks County Community College v. Bucks County Board of Assessment Appeals*, 147 Pa.Cmwlth. 505, 608 A.2d 622 (1992). We have already determined that the LTEA expressly delegates to the School District the authority to tax parking transactions. Section 204 of The General County Assessment Law,[4] exempts enumerated categories of property from taxation, including public property, but does not exempt "any privilege, act or transaction conducted upon public property by persons or entities which would be taxable if conducted upon nonpublic property regardless of the purpose or purposes for which such activity occurs, even if conducted as agent for or lessee of any public authority[.]" 72 P.S. § 5020–204(a)(7). Similarly, statutory exemptions, under the Parking Authority Law[5] and the Municipality

2. Pa. Const. art. VIII, § 1 provides that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

3. U.S. Const. amend XIV, cl. 1.

4. Act of May 22, 1933, P.L. 853, *as amended*, 72 P.S. § 5020–204. The provisions of The General County Assessment Law, in pertinent part, amend, revise, and consolidate the laws designating the subjects, property, and persons subject to, and exempt from, taxation for school district purposes. Section 1, 72 P.S. § 5020–1.

5. Act of June 5, 1947, P.L. 458, *as amended*, 53 P.S. §§ 341–356.

Authorities Act of 1945,[6] exempt authorities incorporated thereunder from taxes or assessments upon any property acquired or used by them for their statutory purposes.

In our view, because the Parking Tax is a transaction tax on the patrons of nonresidential, commercial parking facilities, and not a tax on the owners or operators of those facilities or their property, we need not address whether HPA and DCGA, their property, or the facilities they operate are exempt from the Parking Tax. Clearly, the exemptions cited above would be relevant only if HPA and DCGA were taxpayers subject to the tax. Under Section 204(a)(7) of The General County Assessment Law, parking transactions occurring on HPA and DCGA property are not exempt from the Parking Tax just because the transactions occur on public property. *South Park Township v. Allegheny County,* 163 Pa.Cmwlth. 273, 641 A.2d 20 (1994), *petition for allowance of appeal denied,* 541 Pa. 647, 663 A.2d 697 (1995). For the same reasons, the exemptions provided under the Parking Authority Act and Municipality Authorities Act are inapplicable in this case because the Parking Tax does not assess a tax against the governmental authorities or against property acquired or used by them for their statutory purposes.

**Collection of the Tax**

■ It is well settled that the School District does not have the authority to impose the duty to collect the Parking Tax on the Commonwealth or on any other Commonwealth subdivision or agency. *Wilkinsburg Borough v. School District,* 365 Pa. 254, 74 A.2d 138 (1950); *Moon Area School District v. Garzony,* 522 Pa. 178, 560 A.2d 1361 (1989); *Weatherly Area School District v. Whitewater Challengers, Inc.,* 532 Pa. 504, 616 A.2d 620 (1992). Pursuant to the terms of Section 5 of the Parking Authority Law, HPA, as an authority incorporated thereunder, constitutes a public body exercising the public powers of the Commonwealth as an agency thereof. 53 P.S. § 345(a). DCGA, incorporated under the Municipality Authorities Act of 1945, is also an agency of the Commonwealth. *Commonwealth v. Erie Metropolitan Transit Authority,* 444 Pa. 345, 281 A.2d 882 (1971). Accordingly, the School District has no authority to impose on them a duty to collect its tax. Although the School District may not force HPA or DCGA to collect its tax, these governmental authorities may not interfere with the School District's collection of the tax directly from parking patrons. *South Park Township.*

**The Private Operators**

■ The private operators appealed to Common Pleas under Section 6 of the LTEA, 53 P.S. § 6906,[7] asserting that the Parking Tax violates constitutional uniformity and equal protection requirements, and that the tax is unreasonable and excessive under the LTEA in that it cannot be collected from most of the taxable patrons and therefore falls disproportionately on private operators and their patrons. After concluding that the Parking Tax was unenforceable as to the governmental authorities, Common Pleas agreed with the private operators that the tax is unreasonable and excessive as applied in that it would fall disproportionately on the private operators. The court reasoned that the private operators, already burdened by other parking and business taxes, would be forced to absorb some, if not all, of the amount of the Parking Tax, relinquishing even more of their income to the School District.

In our view, the court's conclusions are erroneous. The fact that the governmental authorities cannot be compelled to collect the School District's tax does not necessarily lead to the conclusion that the tax is unenforceable against their parking patrons. The record indicates that the governmental authori-

---

6. Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §§ 301–322.

7. Section 6 of the LTEA gives aggrieved taxpayers the right to appeal, setting forth their objections to the tax.

   It shall be the duty of the court to declare the ordinance and the tax … valid unless it concludes that the ordinance is unlawful or finds that the tax imposed is excessive or unreasonable; but the court shall not interfere with the reasonable discretion of the legislative body in selecting the subjects or fixing the rates of the tax.

   53 P.S. § 6906.

ties willingly collect a similar tax imposed by the City of Harrisburg, even though the City, like the School District, has no power to compel its collection. Furthermore, the School District may yet be able to enforce its tax using its own collectors, or it may be able to forge agreements with the governmental authorities under which the tax will be voluntarily collected and remitted.

The tax burden imposed by the Parking Tax is borne equally by all nonexempt parking patrons, and nothing in the record supports the lower court's conclusion that the private operators disproportionately bear the burden of the tax. On the contrary, the record indicates that the Harrisburg business district faces a shortage of parking spaces and increasing competition for available spaces. Under those conditions, it is unlikely that parking operators have to absorb the cost of the Parking Tax (rather than collecting it from patrons) in order to avoid losing customers. Parking facilities routinely turn away customers. Parking facilities lease large numbers of spaces, many of them to tax-exempt patrons,[8] even though leased spaces generate little or no profit. Witnesses for the private operators testified that most of the profit is made on short-term, turnover parking,[9] and it is these patrons, and not the parking facility operator, who will bear the burden of the Parking Tax.

■ In determining whether a tax is unreasonable or excessive under the LTEA, a court must look to that act's underlying purposes and its reasonable effect. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 216, 346 A.2d 269, 293 (1975).

> [S]ection 6 does not leave a court at large to strike down any tax it considers 'too burdensome.' Rather it directs the court to consider the entire Act, as well as other expressions of the law of this Commonwealth, to ascertain whether they indicate that the tax imposed is so far divergent from the policies embodied therein as to be 'excessive or unreasonable.'

*Id.,* 464 Pa. at 220, 346 A.2d at 295. Nothing in the record supports a conclusion that the Parking Tax greatly diverges from the policies embodied by the LTEA.

## Conclusion

In conclusion, we hold that the School District's Parking Tax is a transaction tax authorized by the LTEA; it does not violate constitutional uniformity or equal protection requirements. HPA and DCGA are not exempt or immune from the operation of the tax; these governmental authorities cannot be compelled to collect the tax, but neither may they prevent the School District from collecting it. The tax is not unreasonable or excessive under the terms of the LTEA. Accordingly, the Parking Tax is not invalid as applied to HPA, DCGA, or the private operators.

### *ORDER*

AND NOW, this 13th day of November, 1996, the order of the Court of Common Pleas of Dauphin County in the above-captioned matter is reversed.

---

8. Neither this Court nor Common Pleas addressed the tax-exempt status of individual parking patrons.

9. The witnesses also testified that parking facility operators often fill leased spaces with short-term parkers, counting on the fact that a leaseholder will not always occupy his or her space.