### SCHOOL DISTRICT OF PHILADELPHIA,
Appellant,

v.

### TAX REVIEW BOARD OF THE CITY OF PHILADELPHIA TO THE USE OF REALEN GATEWAY DEVELOPMENT ASSOCIATES, L.P.

Commonwealth Court of Pennsylvania.

Argued May 8, 1997.

Decided July 2, 1997.

Margarete E. Pawlowski, Philadelphia, for appellant.

Michael Sklaroff, Philadelphia, for appellee.

Before COLINS, President Judge, and FRIEDMAN, J., and LORD, Senior Judge.

LORD, Senior Judge.

This is an appeal from an order of the Court of Common Pleas of Philadelphia affirming a decision of the Philadelphia Tax Review Board (TRB, or board) in which it was found that Realen Gateway Development Associates (Realen) was not responsible for the Philadelphia Business Use and Occupancy Tax (U & O Tax) in connection with the operation of a public parking garage located at 15th and Vine Streets, Philadelphia. The U & O Tax is imposed by the School District of Philadelphia on the use and occupancy of certain real estate in the School District pur-

suant to the Act of August 9, 1963, P.L. 640, *as amended*, 53 P.S. §§ 16101–16103.3.

The agreement to operate the garage is succinctly described by the trial court as follows:

The owner of the property is the Pennsylvania Department of Transportation, which leases the property to the Philadelphia Parking Authority. The Parking Authority subleases the parking garage to Realen Gateway Development Associates, L.P. ("Realen"), through a July, 1988 sublease agreement whereby Realen agreed to construct the garage on the behalf of the Parking Authority and in return Realen was authorized to undertake commercial development above and below the garage. The garage has been in use since 1992.

Realen and the Parking Authority are parties to a management agreement. Under this agreement, Realen asserts that it is the Parking Authority who is the manager/operator of the garage for an assured term and therefore responsible for any U & O Tax. The School District argues that the facts presented to the TRB demonstrate that Realen is the actual user and occupier of the garage because it controls the operation of the garage through the management agreement.

Neither the TRB or the trial court decided the issue of who was user/occupier of the garage, Realen or the Philadelphia Parking Authority (Parking Authority). Instead, since both the School District and Realen agree that if the Parking Authority, a state agency, is the user/occupier of the premises, the tax cannot be levied on it, the TRB and court assumed that Realen was the user/occupier. They then concluded that, because the ordinance obligates landlords to collect and tender the tax, and the landlord is Parking Authority, an entity neither liable for the tax nor obliged to collect it, the tax was not collectable. Both the TRB and the trial court relied upon the absence of any specific authority in the statute or ordinance permitting the School District to go directly against the user/occupier on whom the tax is imposed when the landlord, who is charged to collect the tax, is a tax-exempt entity.

In this appeal, the School District points out several facts which it contends supports its position that it can collect the tax directly from a user or occupier even though the collecting landlord is tax-exempt.

First, the taxing ordinance imposes the tax "on the use or occupancy of real estate within [the School District] for the purpose of carrying on any business, trade, occupation, profession, vocation, or any other commercial or industrial activity. *This tax is imposed on the user or occupier of real estate.*" Philadelphia Code § 19–1806(2) (emphasis added). Thus, by its plain terms, the tax is levied on users or occupiers, not on landlords, who are defined in the Code as "person[s] who grant the right to use or occupy real estate or any part thereof to any lessee, sub-lessee, licensee or concessionaire ..." The pertinent exclusions, found at Section 19–1806(3)(b) of the Philadelphia Code, excludes "any person exempt from real estate taxes in the City of Philadelphia." This provision does not exclude lessees or sub-lessees of exempt persons.

Next, the ordinance provides that the landlord must act as the School district's agent to collect the tax.

Any person required under this Section to collect the tax from a user or occupier, who shall fail to collect the proper amount of such tax, shall be liable for the full amount of the tax which is due from such users or occupier, provided however, that if the person required ... to collect the tax shall notify the [School Revenue] Commissioner, concurrently with the timely filing of a tax return ... of such information as the Commissioner may require concerning the identity of such user or occupier who has not paid the tax, and the amount of tax not paid for the taxable period by each user or occupier, then said person required to collect the tax shall be excused from said liability. Philadelphia Code, § 19–1806(5).

The School District submits that this provision, excusing a landlord from tax liability if it furnishes the identity and amount of liability of its using/occupying lessee, further evidences the right of the School District to look directly to that user/occupier for payment of the tax, on whom that tax is, after

all, expressly imposed. The argument is compelling, for what use would the School District have of such information as the identity and amount of liability if it were unable to collect directly from the user/occupier? The payment and collection process embodied in Section 19–1806(5) contemplates that a landlord collects the tax for which the user/occupier is liable, and, in turn, pays the tax when submitting the appropriate periodic return. If that landlord does not collect the tax, however, but files a return and notifies the School District authorities of the identity and liability of its lessee or lessees, the landlord is relieved of tax liability.[1] Once the landlord is thereby relieved of liability for the tax, liability rests with the user/occupier.

The School District's arguments are answered by the appellee and the TRB with the observations that the provisions *shift* the tax liability from the user/occupier to the collecting landlord, which

> make[s] sense when one considers that that without the cooperation of the landlord, the city would really have no means of knowing where and how much space a business is renting or using or even who is renting commercial space.
>
> It does not appear that the landlord-PPA followed this procedure in this instance. Thus the liability *was shifted away* from the tenant to a landlord who both sides agree is exempted from paying this tax.

(Appellee's brief, pp. 14–15, citing the TRB decision of October 2, 1995 (emphasis added)).

Thus, the appellee argues that, by operation of law, the tax liability shifted to the landlord Parking Authority when it failed to file a tax return and to submit information on the user/occupier, and, it argues, there is no "plain and unmistakable" authorization to "re-direct liability" to the user/occupier in that event, as is required when a municipality imposes a tax, *Fischer v. Pittsburgh*, 383 Pa. 138, 142, 118 A.2d 157, 159 (1955).

We consider this argument flawed. Most important, it ignores the express language of

the taxing ordinance. "This tax is imposed on the user of occupier of real estate." The fact that the ordinance imposes the primary responsibility on the landlord to *collect* the tax (and consequently imposes a sanction on him for failure to do so) does not nullify the effect of the ordinance's operative language subjecting the user/occupier to the tax. The appellee's argument also ignores the statutory scheme established to ensure that the city has information on the user/occupier when the landlord has not collected the tax.

■ It is not disputed that the School District has no power to direct the Parking Authority, an agency of the sovereign Commonwealth, to do an act. The School District simply has no authority to require the Parking Authority to collect the tax, or to file a return. *Moon Area School District v. Garzony*, 522 Pa. 178, 560 A.2d 1361 (1989). Moreover, it is beyond dispute that the Parking Authority is exempt from the School District's U & O Tax. *See Capitol Associates v. School District of Harrisburg*, 684 A.2d 1119 (Pa.Cmwlth.1996). To hold that, in such an instance, the tax liability shifts to and somehow remains with a tax-exempt landlord is to allow taxable entities on whom the tax was clearly intended to be levied to escape liability.

■ In its decision, the TRB stated that "in practice ... we frequently have landlord-petitioners attempting to shift this liability back to tenants even when the landlords themselves have failed to comply with the regulations. The city is generally adamant that landlords have become primarily liable." (TRB decision, 10/2/1995). We understand the TRB's concern that landlords not evade their responsibility to collect the U & O Tax, and we do not hold that landlords who fail to file a return and pay the tax are not liable, as the ordinance provides. Rather, we hold that in the limited circumstances wherein a landlord is by operation of law or for some other reason not liable for the tax or not obligated to collect it, the City has the authority itself to collect the tax directly from the user/occupier on whom it is imposed.

---

1. The appellee does not dispute that this is the process contemplated by ordinance Section 19–

1806(5). (Appellee's brief, p. 12).

That authority is found in the language of the taxing ordinance. To hold otherwise would be to reach the absurd result that the School District cannot collect a tax from the very person on whom its levied merely because it cannot collect it from another.

■ One final matter requires our determination. In its brief, the appellee asks us to dismiss the appeal because the School District, which has no taxing power, lacks standing to appeal, and because the decision of the TRB was not an appealable event. The appellee characterizes this dispute, not as an appealable case or controversy, but as a difference of opinion between separate arms of the City's tax collecting authorities (i.e., the TRB and the City Revenue Department for the School District). The School District correctly points out that the question of its right to appeal a TRB decision is controlled by *Philadelphia Police Department v. Board of License & Inspection Review to the Use of Matthew Craddock*, 669 A.2d 460 (Pa.Cmwlth.1995), wherein we held that a city department, if it is aggrieved by an adverse ruling of an independent city tribunal, has the right to appeal that ruling.

Because the TRB and the common pleas court concluded that the user/occupier of the subject premises was not liable for the U & O Tax since the Parking Authority was in any event tax-exempt, neither tribunal resolved the factual dispute as to whether Realen or the Parking Authority is the actual user/occupier. The appellee asks us to hold here that the Parking Authority is in fact the user/occupier. We cannot do so, however, because no record has been made on this question. We therefore reverse the common pleas court's decision, and remand this matter to the TRB for the making of a record and factual findings with respect to whether the appellee is the user/occupier of the premises.

The order of the common pleas court will be reversed and the case remanded.

### ORDER

AND NOW, this 2nd day of July, 1997, the order of the Court of Common Pleas of Philadelphia, No. 0014 September Term 1995, dated April 4, 1996 is reversed. The record is remanded to the Tax Review Board of the City of Philadelphia for proceedings consistent with this opinion.

LEADBETTER, J, did not participate in the decision in this case.